# STATE OF MICHIGAN

# COURT OF APPEALS

TERRI S. MACKLIN, RICHARD MACKLIN, and JEFF MOYER,

Plaintiffs-Appellants,

v

HJR HOLDING COMPANY, RDR, INC, and NAIWM PROPERTY MANAGEMENT, LLC,

Defendants/Third-Party Plaintiffs-Appellees,

and

KWANTES LAWNCARE & LANDSCAPING, LLC,

Third-Party Defendant-Appellee.

UNPUBLISHED
November 18, 2014

No.  317397
Kent Circuit Court
LC No.  12-004156-NO

Before:  M. J. KELLY, P.J., and BECKERING and SHAPIRO, JJ.

PER CURIAM.

In this suit to recover damages after a slip and fall, plaintiffs, Terri Macklin, Richard Macklin, and Jeff Moyer, appeal by right the trial court's order dismissing their claims under MCR 2.116(C)(10).[1]  Because we conclude the trial court erred when it applied the open and obvious danger doctrine to bar plaintiffs' claims, we reverse and remand.

While at work in December 2009, Macklin noticed that the lot where she was parked "glazed over," "looked icy," and became "really slippery."  At the end of her work day, she left the building and managed to get to her car.  She put her hand on the hood and inched toward the

---

[1] Richard Macklin sued for loss of consortium and Jeff Moyer, who is a bankruptcy trustee, was added as a plaintiff after Terri and Richard Macklin filed for bankruptcy protection.  For ease of reference, we shall use Macklin to refer to Terri Macklin alone.

driver's side door in order to avoid slipping. Thinking there was a bare spot nearby, she stepped to reach it but slipped, fell, and was injured.

In May 2012, plaintiffs sued HJR Holding Company and RDR, Inc., which owned the building and lot, for breaching their duty to maintain the parking lot in a safe condition. HJR Holding and RDR then sued third-party defendant, Kwantes Lawncare & Landscaping, LLC, for indemnification under their contract for snow and ice removal. Plaintiffs amended their complaint to add defendant, NAIWM Property Management, LLC, which managed the building where the fall occurred.

In February 2013, defendants[2] moved for summary disposition on the grounds that they had no duty to warn about or remedy the snow and ice on the parking lot because the snow and ice constituted an open and obvious hazard and no exception applied. Plaintiffs argued in response that, despite the obvious nature of the snow and ice, defendants still had a duty to rectify the condition because it was effectively unavoidable. The trial court agreed with defendants and dismissed plaintiffs' claims under the open and obvious danger doctrine. Plaintiffs now appeal.

This Court reviews de novo a trial court's decision to dismiss under MCR 2.116(C)(10). *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008).

A possessor of land has the duty to warn of known dangers and make the premises safe for his or her invitees. *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 597; 614 NW2d 88 (2000). This duty includes an obligation to inspect the premises, make repairs, and warn about any hazards. *Id.* A premises possessor does not generally have a duty to warn or protect invitees from open and obvious dangers. *Hoffner v Lanctoe*, 492 Mich 450, 460-461; 821 NW2d 88 (2012). However, a premises possessor remains liable for damages arising from open and obvious hazards where the hazard was effectively unavoidable. *Id.* at 463. A hazard is effectively unavoidable when "a person, for all practical purposes, must be *required* or *compelled* to confront a dangerous hazard." *Id.* at 469. For example, an icy parking lot is effectively unavoidable when an invitee must encounter the ice in order to leave the premises possessor's property. *Attala v Orcutt*, ___ Mich App ___; ___ NW2d ___ (2014) (Docket No. 315630). Another example is "a commercial building with only one exit for the general public where the floor is covered with standing water." *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 518; 629 NW2d 384 (2001).

It is undisputed that Terri Macklin was an invitee and that the icy parking lot constituted an open and obvious danger. The only dispute concerns whether the icy lot was effectively unavoidable. When examined in the light most favorable to plaintiffs, *Latham*, 480 Mich at 111, a reasonable jury could conclude from the evidence that Macklin was compelled to encounter the icy parking lot in order leave defendants' premises. Macklin testified at her deposition that the parking lot had "glazed over" and was "really slippery." She had to hold onto the hood of her

---

[2] Kwantes independently moved for summary disposition and concurred with the other defendants' motion.

car and inch forward to move. Unlike a plaintiff who chooses to face a hazard despite having other options, Macklin was trying to leave her place of work and go home. The evidence left open a question whether she had alternate routes to get into her car. While the trial Court stated that she could have entered through the passenger side, the photographs show that there is a question of fact on that issue. Similarly, there is a question of fact as to whether Macklin could have avoided the hazard by choosing a different parking spot when she first arrived. Because a reasonable jury could find that Macklin was compelled to encounter the icy parking lot, the trial court erred when it determined that the open and obvious danger doctrine barred plaintiffs' claims. See *Lugo*, 464 Mich at 518.

Reversed and remanded for further proceedings. We do not retain jurisdiction. As the prevailing parties, plaintiffs may tax their costs. MCR 7.219(A).


/s/ Michael J. Kelly
/s/ Jane M. Beckering
/s/ Douglas B. Shapiro