DISCOUNT TIRE CO v DEPARTMENT OF TREASURY

Docket No. 307038. Submitted October 5, 2012, at Detroit. Decided November 6, 2012, at 9:05 a.m. Leave to appeal sought.

Petitioner, Discount Tire Co., a Michigan corporation engaged in the business of tire sales and repairs, appealed in the Court of Claims a decision and order of respondent, the Department of Treasury, that denied petitioner's request for a refund of use taxes remitted to respondent when petitioner replaced certain tires returned by its retail customers. When petitioner sold a tire to a customer, the customer had the option of purchasing, at extra cost, a certificate for the repair, refund, or replacement of the tire. Pursuant to the certificate, if a tire covered by the certificate was damaged within three years of its purchase and the tire still had a stated depth of tread remaining, the tire would be repaired by petitioner at no cost. If the tire was irreparably damaged, the customer was entitled to a full cash refund equal to the purchase price and sales tax paid on the tire. The customer then had the option to take the entire refund, spend part of it on a tire of lesser value and keep the rest, spend all of it on a tire of greater value and pay the difference, spend all or part of it on goods and services offered by petitioner, or use it to acquire a tire of comparable value to the original tire for the price paid for the original tire. If petitioner sold a replacement tire, petitioner collected sales tax and remitted it to respondent. Petitioner also remitted to respondent use tax on the replacement tire. Respondent had concluded that petitioner was not permitted to claim a sales tax credit on the return of irreparably damaged tires because the return provided for in the certificate was not a "return of goods" under § 6b of the General Sales Tax Act, MCL 205.56b, as defined by respondent's relevant administrative rule, Mich Admin Code, R 205.16 (Rule 16). Respondent concluded that the replacement tires were provided for free and not sold at retail and, therefore, petitioner was required to pay use tax on the replacement tires and was not entitled to a refund of that tax. The parties sought summary disposition in the Court of Claims. The court, William E. Collette, J., granted petitioner's motion and denied respondent's motion, holding that Rule 16 was invalid because of its improperly restrictive definition of "returned goods," that petitioner was entitled to claim a

returned-goods sales tax credit on the original tire sale, and that the replacement tire was sold at retail, making the application of the use tax to that tire inappropriate. The court also held that petitioner would be entitled to a returned-goods sales tax credit even under the restrictive definition of "returned goods" in Rule 16. Respondent appealed.

The Court of Appeals *held*:

1. When a person returns goods, the goods revert to their former owner. Petitioner was entitled under MCL 205.56b to a credit for the sales tax it had remitted to respondent at the time of the original sale that was refunded to a customer who returned an irreparable tire under the terms of the certificate.

2. Any rule that an administrative agency issues without exercising delegated legislative power is an interpretive rule. Interpretive rules interpret and apply the provisions of a statute under which the agency operates. Interpretive rules are invalid if they do more than specify the application of a legislative purpose implicit in the general language used by the Legislature, if they conflict with the governing statute, if they extend or modify the statute, or if they have no reasonable relationship to a statutory purpose.

3. Rule 16 is an interpretive rule that changes the scope of, modifies, and narrows the returned-goods credit stated in MCL 205.56b. The rule contains far more restrictive language than MCL 205.56b and is therefore invalid as a matter of law.

4. In any event, petitioner met the requirements of Rule 16 under the facts of this case.

5. Because the replacement tires were purchased with the money refunded by petitioner, they are retail goods as well and are subject to sales tax, but not use tax. The use tax is complementary to the sales tax and the two taxes cannot be imposed on the same transaction because the use tax does not apply to goods sold at retail. The sales tax applies to both sales transactions involved in this matter and the use tax applies to neither. Petitioner is entitled to the return of use taxes remitted to respondent for the replacement tires.

Affirmed.

1. ADMINISTRATIVE LAW — RULEMAKING — INTERPRETIVE RULES.

Any rule that an administrative agency issues without exercising delegated legislative power is an interpretive rule; interpretive rules interpret and apply the provisions of a statute under which the agency in question operates and are invalid if they do more

than specify the application of a legislative purpose implicit in the general language used by the Legislature, if they conflict with the governing statute, if they extend or modify the statute, or if they have no reasonable relationship to a statutory purpose.

2. ADMINISTRATIVE LAW — TAXATION — GENERAL SALES TAX ACT — RETURNED GOODS CREDIT OR REFUND.

Mich Admin Code, R 205.16 was issued as an interpretive rule by the Department of Treasury to clarify the meaning of the term "returned goods" in § 6b of the General Sales Tax Act, which provides that a taxpayer may claim a credit or refund for returned goods; Rule 16 changes the scope of, modifies, and narrows the returned-goods credit provided for in § 6b and contains far more restrictive language and is thus not a valid interpretive rule (MCL 205.56b).

3. TAXATION — SALES TAX — RETURNED GOODS.

A six percent sales tax is imposed under the General Sales Tax Act on the gross proceeds of all persons engaged in the business of making sales at retail by which ownership of tangible personal property is transferred for consideration; a taxpayer may claim a credit or refund of sales tax for returned goods (MCL 205.52[1]; MCL 205.56b).

4. TAXATION — SALES TAX — USE TAX — RETAIL SALE OF GOODS.

The use tax does not apply to goods sold at retail; the sales tax applies to goods sold at retail; the use tax is complementary to the sales tax, and the two taxes cannot be imposed on the same transaction (MCL 205.51 *et seq.*; MCL 205.91 *et seq.*).

*Miller, Canfield, Paddock & Stone, PLC* (by *Joanne B. Faycurry* and *Samuel J. McKim, III*), for petitioner.

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, *Richard A. Bandstra*, Chief Legal Counsel, and *Scott L. Damich* and *Zachary C. Larsen*, Assistant Attorneys General, for respondent.

Before: K. F. KELLY, P.J., and MARKEY and SERVITTO, JJ.

PER CURIAM. Respondent appeals as of right the Court of Claims order granting summary disposition in favor of petitioner in this tax matter. We affirm.

Petitioner is a Michigan corporation engaged in the business of tire sales and repairs in Michigan and elsewhere. When petitioner sells a tire to a customer, the customer has the option of purchasing a "Certificate for Repair, Refund, or Replacement" at an extra cost. Pursuant to the certificate, if a tire covered by the certificate is damaged within three years of purchase and the tire still has a stated depth of tread remaining, the customer is entitled to have the damaged tire repaired at no cost by petitioner. In the event the tire is irreparably damaged, the customer is entitled to a full cash refund equal to the purchase price and sales tax paid on the tire. Additionally, at the customer's request, petitioner must provide the customer the opportunity to purchase a comparable replacement tire at a price not exceeding the purchase price of the original tire.

During the tax years at issue (2003-2006), petitioner charged and remitted sales tax to respondent on each original tire sale, but claimed a credit on that remitted sales tax in the event that the tire was returned as irreparably damaged under the certificate. If petitioner sold a replacement tire to the customer pursuant to the certificate, petitioner collected and remitted sales tax to respondent on the replacement tire and also remitted use tax on the replacement tire. In 2007, petitioner requested from respondent a refund of the use taxes remitted on these replacement tires on the ground that petitioner had paid both sales tax and use tax on those tires. Following an audit, respondent denied petitioner's request.

Petitioner then requested an informal conference with respondent, following which respondent issued an informal conference recommendation supporting respondent's decision to deny petitioner's request. The informal conference recommendation concluded that

petitioner was not permitted to claim a sales tax credit on the return of the irreparably damaged tires because the return provided for in the certificate was not a "return of goods" under the General Sales Tax Act, MCL 205.51 *et seq.*, as defined by respondent's administrative Rule 16, Mich Admin Code, R 205.16. Further, the recommendation concluded that the replacement tires were provided for free and not sold at retail and that petitioner was, therefore, required to pay use tax on the replacement tire and was not entitled to a refund of that tax. Respondent officially adopted the conclusions of the informal conference recommendation in a January 27, 2010, decision and order of determination denying petitioner the refund it had requested.

Following respondent's decision, petitioner appealed in the Michigan Court of Claims, and both parties submitted motions for summary disposition. In its October 12, 2011, opinion, the court held that respondent's Rule 16 was invalid because of its improperly restrictive definition of "returned goods," that petitioner was entitled to claim a returned-goods sales tax credit on an original tire sale, and that the replacement tire was sold at retail, making the application of a use tax to that tire inappropriate. The court also held that petitioner would be entitled to the returned-goods sales tax credit even under the restrictive definition of "returned goods" found in Rule 16. Accordingly, the court granted petitioner's motion for summary disposition and denied respondent's motion for summary disposition. This appeal followed.

This Court reviews de novo questions of statutory interpretation. *Wexford Med Group v City of Cadillac*, 474 Mich 192, 202; 713 NW2d 734 (2006). A lower court's decision on a motion for summary disposition is also reviewed de novo. *Maiden v Rozwood*, 461 Mich 109,

118; 597 NW2d 817 (1999). Under MCR 2.116(C)(10), "[s]ummary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008).

On appeal, respondent first argues that petitioner was not entitled to a returned-goods sales tax credit when replacing a customer's tire pursuant to the certificate. We disagree.

Michigan imposes a six percent sales tax on the gross proceeds of "all persons engaged in the business of making sales at retail, by which ownership of tangible personal property is transferred for consideration . . . ." MCL 205.52(1). MCL 205.56b provides that with respect to such sales tax, "[a] taxpayer may claim a credit or refund for returned goods . . . ."

As acknowledged by respondent, the statutory language at issue is sparse. Our goal in statutory construction, however, is, as always, to give effect to the Legislature's intent. *McCormick v Carrier*, 487 Mich 180, 191; 795 NW2d 517 (2010).

> This Court begins by reviewing the language of the statute, and, if the language is clear and unambiguous, it is presumed that the Legislature intended the meaning expressed in the statute. Judicial construction of an unambiguous statute is neither required nor permitted. When reviewing a statute, all non-technical words and phrases shall be construed and understood according to the common and approved usage of the language, MCL 8.3a, and, if a term is not defined in the statute, a court may consult a dictionary to aid it in this goal. [*Id.* at 191-192](citations and quotation marks omitted).

With these parameters in mind, we do not agree with respondent's contention that the most reasonable con-

struction of the phrase "returned goods" in MCL 205.56b is that the goods must be returned within a certain time frame and be in substantially the same condition as when they were sold. This "reasonable construction" would require us to take a relatively simple, straightforward, and short statute and add several, much more meaningful and elaborate phrases that, had the Legislature intended for them to appear, it could easily have included.

It is undisputed that petitioner engaged in the retail sale of tires, that it charged customers a six percent sales tax on the original tires at issue, and that it remitted that tax to respondent. When those customers who had purchased certificates presented petitioner an original tire that was deemed irreparable, they returned the original tire to petitioner. When one "returns" a good, one reverts it to a former owner. See *The American Heritage Dictionary of the English Language* (4th ed). That is precisely what occurred in this matter. And upon the return of an irreparable tire to petitioner, petitioner provided the customer with a full cash refund, including the sales tax. The customer was free to simply take this refund, spend part of it on a tire of lesser value, put all of it toward a tire of greater value, put some or all of it toward other automotive goods and services offered by petitioner, or use it to acquire a tire of comparable value to the original tire for the price paid for the original tire. In short, the customer received a cash refund that could be used in any manner that the customer chose. Petitioner is thus entitled to a credit for the previously remitted sales tax under MCL 205.56b.

While respondent concentrates heavily on petitioner's obligation under the certificate to provide the customer with the option of purchasing a comparable

tire for the full value of the refund, this is but one possible use of the refund. Under respondent's interpretation, petitioner would be unable to obtain a refund or credit for sales tax remitted to respondent in cases in which petitioner refunded the customer's money and the customer merely walked out the door with the refunded cash. Such a result is both contrary to the plain language of MCL 205.56b and to the underlying purpose of the sales tax.

Respondent next asserts that the trial court erred by not treating respondent's administrative Rule 16 as a valid legislative rule. According to respondent, had the court properly applied the rule, the only reasonable interpretation of MCL 205.56b would preclude petitioner from obtaining a refund under the returned-goods credit. We disagree.

Respondent issued Rule 16 to clarify the meaning of "returned goods" under the General Sales Tax Act. The rule provides, in relevant part, as follows:

> (1) Credits or refunds for returned goods, the sales of which have been subject to tax, may be deducted only if the goods are voluntarily returned for full exchange, an entire refund of purchase price, or full credit. When the property is returned within a reasonable time after the date of sale, and the purchase [sic] is made whole, a credit may be had on the tax paid on the rescinded sale. [Mich Admin Code, R 205.16.]

Rules adopted by an agency in accordance with the Administrative Procedures Act, MCL 24.201 *et seq.*, generally have the force and effect of law. *Clonlara, Inc v State Bd of Ed*, 442 Mich 230, 239; 501 NW2d 88 (1993). These so-called "legislative rules" are invalid, however, if the agency that enacts them lacks statutory authority to enact such rules, the rules are enacted through improper procedure, or the rules are unreason-

able. *Id.* at 240. Any rule an agency issues without exercising delegated legislative power is an "interpretive rule." *Id.* at 239. Such rules interpret and apply the provisions of a statute under which the agency in question operates and are invalid "if they do more than specify the application of a legislative purpose implicit in the general language used by the legislature, if they conflict with the governing statute, if they extend or modify the statute, or if they have no reasonable relationship to a statutory purpose." *Id.* at 240-241; 243 n 26.

No statute authorizes respondent to enact a definition of "returned goods" that carries the force and effect of law. As such, Rule 16 is not a valid legislative rule. Further, while Rule 16 can properly be construed as an interpretive rule because it states respondent's interpretation of a statute, Rule 16 also changes the scope of, modifies, and narrows the returned-goods credit in the General Sales Tax Act. Even a cursory reading of Rule 16 shows the fact that it contains far more restrictive language than MCL 205.56b. As such, it is invalid as a matter of law. *Id.*

In any event, even if we were to find that Rule 16 is a valid legislative rule, petitioner has met the requirements. First, the tires were voluntarily returned to petitioner upon being irreparably damaged. True, there was damage to the tires, but just as in instances where a person receives a gift and does not like it or buys an item that was defective from the beginning and returns it, the tires were nonetheless voluntarily returned instead of being retained by the customer. In each instance, an outside influence or effect led to the return of the items, but nothing forced the customer to return it.

Second, the tires were returned for a full refund or credit. Respondent has not argued otherwise. Finally,

while difficult to gauge, it could be argued that the tires were returned within a "reasonable time" after the date of sale. There is no indication of the time within which most of the tires were returned. However, for items that are intended to last many years, a reasonable time in which to return the items may indeed be within three years. The period for tires would certainly be different than the period for a pair of soccer cleats for an 8-year-old child. Because respondent did not further define this entirely subjective phrase in its rule and there is no indication when the tires at issue were returned, we cannot say that petitioner failed to meet the requirements of this rule.

Respondent next contends that because petitioner is not entitled to a credit for returned goods under MCL 205.56b, the use tax imposed on any replacement tire provided is not duplicative. We disagree.

As indicated already in this opinion, petitioner is entitled to a credit for returned goods. Moreover, because the replacement tires that were purchased were purchased with the refunded money, they are retail goods as well and subject to sales tax, but not use tax. The use tax is complementary to the sales tax, and the two taxes cannot be imposed on the same transaction because the use tax does not apply to goods sold at retail. *Gen Motors Corp v Dep't of Treasury*, 466 Mich 231, 237; 644 NW2d 734 (2002); MCL 205.94(1)(c)(*i*). Because the sales tax applies to goods sold at retail, the sales tax applies to both transactions under the certificate, and the use tax applies to neither. In sum, because petitioner was entitled to a sales tax credit for returned goods on the original tires and the replacement tires were sold at retail, petitioner is entitled to a return of the use taxes remitted to respondent for the replacement tires. While respondent complains that this re-

sults in petitioner only remitting sales tax for one tire after the application of the returned-goods sales tax credit, that is precisely what the tax credit allows when a customer returns a good for a cash refund that is used to purchase another good at retail.

Affirmed.

K.F. KELLY, P.J., and MARKEY and SERVITTO, JJ., concurred.