# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 19, 2017

153830

Stephen J. Markman,
Chief Justice

Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen
Kurtis T. Wilder,
Justices

RONNIE DANCER and ANNETTE DANCER,
        Plaintiffs-Appellees,

v

CLARK CONSTRUCTION COMPANY, INC.,
        Defendant-Appellant,
and

BETTER BUILT CONSTRUCTION SERVICES,
INC.,
        Defendant-Appellee.

SC: 153830
COA: 324314
Kalamazoo CC: 2012-000571-NO

_____/

On April 13, 2017, the Court heard oral argument on the application for leave to appeal the April 26, 2016 judgment of the Court of Appeals. On order of the Court, the application is again considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

MARKMAN, C.J. (*concurring*).

I concur in the Court's order denying leave to appeal because I agree with the Court of Appeals that genuine issues of material fact remain at this time that preclude summary disposition in defendant's favor. I write separately to afford whatever guidance I might in this difficult area of the law as to how this Court should define the "danger creating a high degree of risk" for purposes of the "common work area" doctrine.

The "common work area" doctrine constitutes an exception to the common-law rule that a general contractor is not liable for the negligence of its subcontractors. *Ormsby v Capital Welding, Inc*, 471 Mich 45, 55-56 (2004). In order to recover from a general contractor, a plaintiff must show *all* of the following:

> (1) the defendant contractor failed to take reasonable steps within its supervisory and coordinating authority (2) to guard against readily observable and avoidable dangers (3) that created a high degree of risk to a significant number of workers (4) in a common work area. [*Latham v Barton Malow Co*, 480 Mich 105, 109 (2008) (*Latham I*).]

This Court asked the parties in the instant case to brief whether there is a genuine issue of material fact as to element three of the "common work area" doctrine. *Dancer v Clark Constr Co*, 500 Mich ___ (2016).

The threshold question in examining this third element is "[w]hat was the danger creating a high degree of risk that is the focus of the general contractor's responsibility?" *Latham I*, 480 Mich at 113. Only after properly classifying this relevant "danger" can a court determine whether it posed a risk to "a significant number of workers." The difficulty is in determining how broadly or narrowly to define this "danger." As I previously stated in opposition to an order denying leave to appeal, I believe the Court when making this determination

> must take cognizance of at least the following: (1) the breadth of the risk that the plaintiff faced in terms of calculating the number of uninjured workers who were exposed to the same risk and (2) the proper level of generality by which to characterize and define the specific risk incurred by the plaintiff and thereby to calculate the number of uninjured workers who were exposed to that same risk. To overgeneralize the risk and define it in an excessively broad manner is to threaten "strict liability" applications of the exception, and the expansion of the exception to a point at which it displaces the general rule; therefore, the risk must be circumscribed more narrowly than the mere risk posed by heights. However, to define the nature of the risk overly specifically, and in an excessively narrow manner, is to render the exception increasingly irrelevant . . . . [*Latham v Barton Malow Co*, 497 Mich 993, 995-996 (2015) (MARKMAN, J., dissenting) (*Latham II*).]

The principal case addressing this issue is *Latham I*. In *Latham I*, 480 Mich at 108, the plaintiff was injured when he fell 13 to 17 feet off of a mezzanine that lacked perimeter protection. At the time of the injury, the "plaintiff was not wearing a fall-protection harness, contrary to job-site rules of which he was aware," and it was undisputed that the harness would have prevented the plaintiff's fall. *Id*. This Court held that the relevant "danger" was not merely working from a dangerous height, since this is an "unavoidable condition of construction work." *Id*. at 113-114. Rather, the "danger" was properly characterized as "working at heights *without fall-protection equipment*." *Id*. at 114 (emphasis altered).

While not expressly stated in this manner, *Latham I* indicates that the appropriate scope of the "danger" addressed in the third element must encompass the worker's use of-- or failure to use-- equipment available in seeking to ameliorate an unavoidable danger inherent in the work environment. Such a formulation of the relevant "danger" properly focuses on the steps taken by the contractor to protect the workers from unavoidable dangers inherent at a construction site. See *Funk v Gen Motors Corp*, 392 Mich 91, 104 (1974) ("Placing ultimate responsibility on the general contractor for job safety in common work areas will, from a practical, economic standpoint, render it more likely that . . . necessary precautions" will be implemented and "necessary safety

equipment" provided.). In *Latham I*, 480 Mich at 114, we explained that "[i]f a hazard cannot be removed, the general contractor can take reasonable steps to require workers to use safety equipment and procedures, thereby largely reducing or eliminating the risk of harm in many situations." The Court then concluded that the "danger" was "working at heights *without fall-protection equipment*." *Id.* (emphasis altered). Accordingly, this Court defined the "danger" to take into consideration the safety equipment available to the worker engaging in the conduct that exposed him or her to an unavoidable danger inherent in a construction site.

In the instant case, plaintiff fell 35-40 feet off of a scaffold that was made with unsecured planks lacking supporting bridges and outriggers. The unavoidable danger that led to plaintiff's injury was working at a dangerous height. The scaffold was the platform provided for the workers to walk on while working at a dangerous height, and there was fall-protection equipment available that plaintiff could have worn, but he did not do so. Therefore, the asserted "danger" here was working at a dangerous height *without* fall-protection equipment on a scaffold that was made with unsecured planks lacking supporting bridges and outriggers. Because there are genuine issues of material fact as to: (a) the number of workers who used the scaffold without fall–protection equipment, (b) whether the general contractor was negligent in constructing the scaffold in that manner, (c) whether the general contractor failed to take reasonable steps to ensure that the fall-protection equipment was, in fact, used, and (d) whether this negligence contributed to plaintiff's injury, summary disposition is inappropriate.

Defendant argues that plaintiff created the relevant "danger" by improperly overlapping the planking in a manner that led to his fall. Defendant reasons that because plaintiff created that danger and no other workers were exposed to that danger-- as the improperly overlapped planking fell when plaintiff did-- a significant number of workers were not exposed to the "danger" that caused plaintiff's injury.

However, defendant's characterization of the "danger" is "excessively narrow." *Latham II*, 497 Mich at 996 (MARKMAN, J., dissenting). Assuming that plaintiff did improperly overlap the planking in a manner that led to his fall, I do not believe the overlapped planking constitutes the "danger" for the purpose of the third element of the "common work area" doctrine. Characterizing the "danger" to include the worker's negligence, other than the worker's failure to employ available safety precautions, would effectively impose a contributory-negligence regime on "common work area" doctrine claims, contrary to this Court's caselaw. *Funk*, 392 Mich at 113-114 (declining to adopt the doctrine of contributory negligence in claims brought under the doctrine); *Placek v Sterling Heights*, 405 Mich 638, 650 (1979) (replacing contributory negligence with comparative negligence for common-law claims); *Hardy v Monsanto Enviro-Chem Sys, Inc*, 414 Mich 29, 37 (1982) (holding that comparative negligence constitutes a *defense* in a claim based on the doctrine).

This Court addressed a similar issue in *Ghaffari v Turner Constr Co*, 473 Mich 16 (2005). In *Ghaffari*, the issue was whether the "open and obvious" danger doctrine was applicable to "common work area" claims. *Id.* at 17. We concluded it was not, in part because application of the "open and obvious" danger doctrine in this context would "largely nullify the doctrine of comparative negligence in the construction setting, and effectively restore the complete bar to a contractor's liability abolished when *Hardy* eliminated contributory negligence in that setting." *Id.* at 26. We explained:

> The adoption of the open and obvious doctrine in the general contractor setting would tend to thwart the goals of workplace safety advanced by our decisions in *Funk* and *Hardy*. If we were to adopt the rule set forth below by the Court of Appeals, we would effectively return to a contributory negligence regime. In such a case, no matter how negligent the general contractor was in creating or failing to ameliorate the hazard, the employee would be barred from recovery because the hazard was open and obvious.

> *Hardy* recognized that such bars to recovery "provide a strong financial incentive for contractors to breach the duty to undertake reasonable safety precautions." . . . Instead, *Hardy* adopted a comparative negligence rule on the grounds that such a rule retains a strong incentive for general contractors to maintain workplace safety. [*Id.* at 27, quoting *Hardy*, 414 Mich at 41.]

Similarly, if the relevant "danger" for the purpose of the "common work area" doctrine encompasses a plaintiff's negligent conduct other than his or her failure to use available safety equipment, "we would effectively return to a contributory negligence regime." *Id.* Any time a plaintiff has been negligent in performing his or her work, the plaintiff could reasonably be characterized as creating a "new danger" to which only the plaintiff was exposed. As a result, a plaintiff could only recover if he or she did not contribute at all to the danger that caused the injury-- giving rise to the functional equivalent of a contributory-negligence regime. Accordingly, a plaintiff's negligence, other than his or her failure to use available safety equipment, should be evaluated in determining whether plaintiff was *comparatively negligent*, but not in the course of

defining the precise "danger" to which a "significant number of workers" must have been exposed.

In sum, the "danger" in the present context should be defined in terms of the equipment available to the worker when confronting an unavoidable danger inherent on a construction site that caused the injury. This standard is consistent with this Court's holding in *Latham I* and properly focuses on the contractor's duty to implement necessary precautions and to provide necessary safety equipment to protect workers from unavoidable dangers inherent in the workplace. *Funk*, 392 Mich at 104; *Latham I*, 480 Mich at 114. Additionally, a plaintiff's negligence that is unrelated to his or her failure to use available safety equipment should not be included in defining this "danger" but should only be assessed in the context of evaluating the comparative negligence of the employee. In this case, the "danger" was working at a dangerous height without fall-protection equipment on a scaffold with unsecured planks absent supporting bridges and outriggers. Because there remains, in my judgment, a genuine issue of material fact as to whether this constituted a "danger" that created a high degree of risk and whether a significant number of workers were exposed to that "danger," summary disposition is inappropriate at this time. Accordingly, I agree with the judgment of the Court of Appeals and concur in this Court's order denying leave to appeal.

WILDER, J., did not participate because he was on the Court of Appeals panel.





I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 19, 2017

Clerk

t0516