# STATE OF MICHIGAN

# COURT OF APPEALS

GREAT WEST CASUALTY COMPANY,

Plaintiff-Appellant,

v

MERCHANTS METALS, LLC, FRANK X.
WOJCIK, and DETERMINED
TRANSPORTATION, LLC,

Defendants-Appellees.

UNPUBLISHED
April 19, 2018

No. 336709
Livingston Circuit Court
LC No. 16-029153-CZ

Before: STEPHENS, P.J., and SHAPIRO and RONAYNE KRAUSE, JJ.

PER CURIAM.

Plaintiff, Great West Casualty Company (Great West), appeals the trial court's order granting Determined Transportation, LLC, (Determined), and Frank Wojcik's motion for summary disposition, and declaring that plaintiff owed a duty to defend and indemnify them under the commercial auto insurance policy it issued to Determined. We affirm in part and reverse in part.

Plaintiff brought this action for a declaratory judgment that its policy provided no coverage or requirement to defend or indemnify Determined or Wojcik for liability asserted against them in an underlying action. Defendant Merchants Metals, LLC's, (Merchants), employees loaded metal fencing materials at its plant in Michigan onto Determined's truck, and Wojcik transported the goods to Merchants' facility in Colorado where, while he attempted to unload the truck, a roll of fencing material fell on him causing injuries. Wojcik sued Merchants alleging, among other things, that its employees' negligence in loading the fencing materials onto his truck caused his injuries. Merchants responded in two ways: First, it filed a counterclaim against Wojcik. Second, it filed a third-party complaint against both its shipping broker, Access America Transport, Inc., (Access), and Determined, the carrier that Access hired to transport the goods. Merchants alleged that Access breached the provision in their shipper-broker contract that requires Access to defend and indemnify it against claims. Merchants also alleged that it had third-party beneficiary status under Access and Determined's broker-carrier agreement, which required Determine to indemnify Access and its customer's agents from tort liability. Based on its broker-carrier agreement with Determined, Access sought indemnity from Determined.

-1-

In response to the indemnity claims asserted against them, Determined and Wojcik sought coverage from plaintiff under the commercial auto policy it issued to Determined. Plaintiff's insurance policy provided coverage to Determined and its employees relating to its business operations, but excluded coverage for contractually assumed liability except where the contract constituted an "insured contract" as defined in the policy. Plaintiff's policy provides in relevant part as follows:

B. EXCLUSIONS

This insurance does not apply to any of the following:

2. CONTRACTUAL

Liability assumed under any contract or agreement. But this exclusion does not apply to liability for damages:

a. Assumed in a contract or agreement that is an "insured contract" provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement; or

b. That the "insured" would have in the absence of the contract or agreement.

L. "Insured contract" means:

* * *

5. That part of any other contract or agreement pertaining to your business . . . under which you assume the tort liability of another to pay for "bodily injury" . . . to a third party or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement;

The contract on which Access and Merchants base their claims against Determined for indemnification is the broker-carrier agreement between Access and Determined. Its indemnification provision provides as follows:

Carrier shall be an independent contractor, fully indemnify Access America, and its customer's agent from any claim or damage to the extent caused by the negligent or willful act of the motor carrier, its employees or agents.

The question before us in this appeal is whether this indemnification provision in the broker-carrier agreement meets the requirement of an "insured contract" under plaintiff's policy.

Summary disposition under MCR 2.116(C)(10) is proper when "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Jimkoski v Shupe*, 282 Mich App 1, 4; 763 NW2d 1 (2008). "In reviewing a motion under MCR 2.116(C)(10), this Court considers the pleadings, admissions, affidavits, and other relevant documentary evidence of record in the light most favorable to the nonmoving party to determine

-2-

whether any genuine issue of material fact exists to warrant a trial." *Walsh v Taylor*, 263 Mich App 618, 621; 689 NW2d 506 (2004).[1]

"The primary goal in interpreting contracts is to determine and enforce the parties' intent." *Old Kent Bank v Sobczak*, 243 Mich App 57, 63; 620 NW2d 663 (2000). "To do so, this Court reads the agreement as a whole and attempts to apply the plain language of the contract itself." *Id*. "The language of the contract must be given its ordinary, plain meaning and technical, constrained constructions should be avoided." *Singer v American States Ins*, 245 Mich App 370, 374; 631 NW2d 34 (2001).

In *Hunt v Drielick*, 496 Mich 366, 372-373; 852 NW2d 562 (2014), the Michigan Supreme Court set forth the required analysis for determination of an insurance policy's scope of coverage as follows:

> An insurance policy is similar to any other contractual agreement, and, thus, the court's role is to determine what the agreement was and effectuate the intent of the parties. [W]e employ a two-part analysis to determine the parties' intent. First, it must be determined whether the policy provides coverage to the insured, and, second, the court must ascertain whether that coverage is negated by an exclusion. While [i]t is the insured's burden to establish that his claim falls within the terms of the policy, [t]he insurer should bear the burden of proving an absence of coverage[.] Additionally, [e]xclusionary clauses in insurance policies are strictly construed in favor of the insured. However, [i]t is impossible to hold an insurance company liable for a risk it did not assume, and, thus, [c]lear and specific exclusions must be enforced. [Quotation marks and citations omitted.]

The Court further clarified how to construe an insurance policy:

> Unlike most contractual relationships, where the parties negotiate contract terms, the terms of liability insurance contracts are standardized and are drafted by the insurance industry. Policyholders have little or no bargaining power to change terms. Consequently, in construing insurance contracts, any ambiguities are strictly construed against the insurer to maximize coverage. [*American Bumper and Mfg Co v Hartford Fire Ins Co*, 452 Mich 440, 447-448; 550 NW2d 475 (1996) (citations omitted).]

As noted, the sole issue before us is whether the broker-carrier agreement's indemnification provision constitutes an "insured contract" so as to trigger coverage for Determined as to the claims against it brought by Merchants and/or Access. We conclude that

---

[1] We review de novo the trial court's decision on a motion for summary disposition under MCR 2.116(C)(10). *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008). "This case involves the interpretation and application of an insurance policy, which is a question of law reviewed de novo." *Hunt v Drielick*, 496 Mich 366, 372; 852 NW2d 562 (2014).

plaintiff's policy requires it to provide coverage for the claim brought by Merchants, but that it does not require plaintiff to provide coverage for the claim brought by Access.

The language of the broker-carrier agreement is unambiguous. It requires Determined to assume the liability of Access and Merchants for "negligent or willful act[s]." Because Access and Merchants are not insureds under the Great West policy, they both meet the requirement that the party with tort liability be "another." However, the claims of these two entities fundamentally differ. Wojcik has sued Merchants in tort, and consistent with the Great West policy, to the degree Determined is liable to Merchants, it is for the assumption of Merchants' tort liability.[2] By contrast, Access does not seek indemnification for its tort liability to Wojcik; indeed, none has been alleged. Instead, Access seeks indemnification for its *contractual* liability to Merchants.[3] Merchants' claims that under the shipper-broker contract Access must indemnify it for any tort liability and Access in turn seeks indemnification from Determined for Access's *contractual* liability.

The remaining question is whether the "bodily injury" was to a "third party" as required by the Great West policy. The "bodily injury" in question was to Wojcik. Wojcik was not a party to the broker-carrier agreement and so is a "third party." Plaintiff suggests that the injured party must be a "third person" to the insurance policy, and that because Wojcik is an insured, he is not a "third person." We are not convinced by this argument. Throughout the policy, when referring to insureds, the policy uses the term "insured," which is specifically defined in the policy. If the "third party" language was intended to exclude insureds, the policy would have used the term "insured."

In sum, we conclude that the under the broker-carrier agreement, Determined agreed to assume Merchants' and Access's tort liability. Merchants seeks indemnification from Determined for tort liability. Thus, plaintiff owes coverage to Determined under the "insured contract" provision. The sole claim against Access is for breach of contract and it is that contractual liability for which it seeks indemnification from Determined. Accordingly, plaintiff does not owe coverage to Determined for Access's claims against it.

Affirmed in part, reversed in part. No costs as neither party has prevailed in full. MCR 7.219(A).

/s/ Cynthia Diane Stephens
/s/ Douglas B. Shapiro
/s/ Amy Ronayne Krause

---

[2] The fact that the broker-carrier agreement limits claims for indemnification to Merchants' tort liability caused by the negligence of the carrier, i.e. Determined, does not alter the fact that Merchants may be subject to "tort liability" for that negligence.

[3] The fact that Access's contract liability is triggered by Merchants' direct or assumed tort tort liability is of no moment. Access's liability to Merchants is contractual, and it is that liability for which it seeks indemnification from Determined.