*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JOE I.S. ALAMAT, D.D.S., M.D.,

      Plaintiff-Appellant,

v

CHRISTOPHER A. CORNWALL, ROSE WILLIS, and DICKINSON WRIGHT, PLLC,

      Defendants-Appellees.

UNPUBLISHED
July 15, 2021

No. 353465
Macomb Circuit Court
LC No. 2018-003292-NM

Before: RIORDAN, P.J., and M. J. KELLY and SHAPIRO, JJ.

PER CURIAM.

In this breach of fiduciary duty case, plaintiff appeals as of right the trial court's order granting summary disposition in favor of defendants. Plaintiff, a former physician and shareholder of a corporation represented by defendants, brought this lawsuit after defendants conducted a review of plaintiff's procedure and practice in the administration of sedatives. Plaintiff argues on appeal that the trial court erred when it granted summary disposition in defendants' favor because the defendants breached their fiduciary duty to plaintiff as a result of their investigation into his practice. For the reasons set forth below, we affirm.

## I. BACKGROUND

During the years 2006 through 2016, plaintiff was a practicing physician and shareholder at Summit Oral and Maxillofacial Surgery (Summit), along with three other shareholders. After learning from employees that plaintiff had his medical assistants administer sedatives intravenously while he was not present, the other Summit shareholders engaged defendants to conduct an investigation and provide recommendations regarding plaintiff's practices. Defendants concluded that plaintiff was instructing his medical assistants to administer sedatives when he was not present, even though they were not trained or licensed to do so. Defendants recommended the immediate cessation of this practice by plaintiff.

Summit terminated plaintiff shortly thereafter. Plaintiff then filed his complaint, in which he alleged defendants breached their fiduciary duties to him and committed fraud when issuing their report to Summit. Defendants moved for summary disposition and, as relevant here, the trial

court granted the motion on the basis that plaintiff could not show he reasonably placed trust and confidence in defendants because the relationship between the parties was adversarial. This appeal followed.

## II. STANDARD OF REVIEW

This Court "review[s] a motion brought under MCR 2.116(C)(10) by considering the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008). "Summary disposition is appropriate . . . if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Id*.[1]

"Questions of law are subject to review de novo." *Prentis Family Foundation v Barbara Ann Karmanos Cancer Institute*, 266 Mich App 39, 43; 698 NW2d 900 (2005). "Whether a duty exists is a question of law for the court to decide." *Id*.

## III. DISCUSSION

The trial court concluded that plaintiff could not have reasonably placed trust and confidence in defendants because the interests of plaintiff and defendants were adverse. Plaintiff contends, to the contrary, that the parties' interests were not adverse because all parties wanted a fair and complete investigation. Thus, plaintiff claims he was entitled to place trust and confidence in defendants, and the trial court should not have granted summary disposition in defendants' favor. We find plaintiff's argument unpersuasive.

"[A] fiduciary relationship arises from the reposing of faith, confidence, and trust and the reliance of one on the judgment and advice of another." *Id*. (quotation marks and citation omitted, alteration in original). "When a fiduciary relationship exists, the fiduciary has a duty to act for the benefit of the principal regarding matters within the scope of the relationship." *Id*. In the context of a relationship with an attorney, "[a] fiduciary relationship may arise between corporate counsel and a shareholder when the nonclient shareholder reposed faith, confidence, and trust in the lawyer's advice or judgment." *Kern v Kern-Koskela*, 320 Mich App 212, 227; 905 NW2d 453 (2017).

"However, the placement of trust, confidence, and reliance must be reasonable, and placement is unreasonable if the interests of the client and nonclient are adverse or even potentially adverse." *Prentis Family Foundation*, 266 Mich App at 44. Courts have "repeatedly declined to

---

[1] Defendants moved for summary disposition under MCR 2.116(C)(8) and MCR 2.116(C)(10). The trial court did not specify under which subrule it granted summary disposition. However, in explaining its reasoning, the trial court referred to evidence outside the pleadings. Thus, we consider the motion as having been decided under MCR 2.116(C)(10). *Major v Newberry*, 316 Mich App 527, 539 n 2; 892 NW2d 402 (2016).

recognize a fiduciary obligation running to a potentially adverse party because such a duty would necessarily permeate all facets of the litigation and have a significantly deleterious effect on the attorney's ability to make decisions for the benefit of his client." *Beaty v Hetzberg & Golden, PC*, 456 Mich 247, 261; 571 NW2d 716 (1997).

In *Kern*, this Court addressed a factually similar case in which a shareholder of a small corporation asserted claims against the corporation's counsel for breach of fiduciary duty. *Kern*, 320 Mich App at 218. As in this case, the plaintiff in *Kern* brought the claims on his own behalf and not on behalf of the corporation the attorneys represented. *Id*. at 228. Concluding the trial court did not err when it granted summary disposition in the defendants' favor as to the breach of fiduciary duty claim, we stated:

> In this case, plaintiff presented no evidence to suggest that he reposed his faith, confidence, and trust in the advice or judgment of the corporate counsel. Plaintiff's own affidavit states that he communicated with the corporate attorneys through his own personal attorney and did so when demanding to review the corporate financial records. He has presented nothing to suggest that he had any other significant communications with the corporate attorneys. Given that plaintiff had no communications with corporate counsel, he did not place faith, confidence, or trust in their advice or judgment. Even if plaintiff had relied on communications or advice from the attorney defendants, that reliance would not have been reasonable under the circumstances. The context of plaintiff's contacts with corporate counsel, in which he communicated through his own counsel and demanded to review the corporations' financial records, indicates a potentially adverse relationship with corporate counsel. [*Id*.]

Similarly here, plaintiff's relationship with defendants potentially was adverse from the moment he learned of the investigation. Upon hearing the rumors that he was being investigated by defendants, plaintiff researched the laws he believed were relevant to his practice in an effort to refute defendants' assertion that the way sedatives were administered to his patients was illegal. At a meeting conducted on October 12, 2016, plaintiff prepared to, and in fact did, record the meeting to memorialize the discussion between the parties during the meeting. At that meeting, plaintiff openly stated his displeasure for defendants' work and attempted to terminate them as Summit's corporate counsel. Although plaintiff stated he believed that defendants would change their position after the meeting, defendants did not. Instead, they issued a compliance report recommending immediate cessation of allowing unlicensed professionals to administer sedatives intravenously. Plaintiff also stated he felt undermined by defendants, who left him out of communications regarding the investigation with the other shareholders.

These facts, uncontradicted by plaintiff, demonstrate that plaintiff had a "potentially adverse relationship with corporate counsel." *Id*. Thus, the trial court correctly concluded that plaintiff, by his actions, could not establish a fiduciary relationship between defendants and plaintiff because any placement of trust in defendants by plaintiff was unreasonable in this matter. See *Prentis Family Foundation*, 266 Mich App at 44.

In arguing the trial court erred, plaintiff contends this case is controlled by *Fassihi v Sommers, Schwartz, Silver, Schwartz & Tyler, PC*, 107 Mich App 509; 309 NW2d 645 (1981).[2] In that case, this Court concluded that because shareholders are not clients of their corporation's attorneys, there is no per se fiduciary relationship between the attorney and the shareholders. *Id*. at 514-515. However, the Court stated that even though the shareholders may not be the client of the corporation's attorney, the attorney may still owe fiduciary duties to the shareholder if the shareholder "reposes faith, confidence, and trust in another's judgment and advice." *Id*. at 515.

*Fassihi* did not address the issue of whether a fiduciary relationship continues to exist once there is a potential adversarial relationship between the shareholder and the attorney. However, this Court addressed that issue in *Prince Family Foundation* and in *Kern* and concluded that when a potentially adversarial situation arises, it is unreasonable as a matter of law for a shareholder to place such trust and confidence in the attorney. In other words, *Fassihi* set forth the general proposition—that a fiduciary relationship can exist between attorney and shareholder—which was later refined by *Prince Family Foundation* and *Kern*.

## IV. CONCLUSION

The trial court did not err when it granted summary disposition in defendants' favor because plaintiff could not show it was reasonable for him to place trust or confidence in defendants.

Affirmed.

/s/ Michael J. Riordan
/s/ Michael J. Kelly
/s/ Douglas B. Shapiro

---

[2] Opinions from this Court published prior to November 1, 1990, are not binding on this Court. MCR 7.215(J)(1).