*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CAROLYN SCOTT,

        Plaintiff-Appellant,

v

EAN HOLDINGS, LLC, and TRUMBULL
INSURANCE COMPANY,

        Defendants-Appellees,

and

CHRISTOPHER GLENN SHANNON and
ENTERPRISE LEASING COMPANY OF
DETROIT,

        Defendants.

UNPUBLISHED
November 20, 2024
9:42 AM

No. 366706
Genesee Circuit Court
LC No. 21-116575-NI

Before: K. F. KELLY, P.J., and CAVANAGH and RIORDAN, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's order granting defendants' motion for summary disposition under MCR 2.116(C)(10). Finding no errors warranting reversal, we affirm.

I. BASIC FACTS AND PROCEDURAL HISTORY

In September 2020, defendant Christopher Glenn Shannon's rental vehicle struck plaintiff Carolyn Scott's vehicle while she was stopped at a red light. Plaintiff complained of side pain after the accident and was assessed at the scene, but she refused transport to the hospital. Plaintiff sought medical treatment days after the accident and reported experiencing injuries to her neck, back, shoulder, and knees. Plaintiff complained of these ailments for months after the accident and received treatment from several medical providers. While plaintiff told these providers that her pain and injuries were a result of the accident or preexisting conditions exacerbated by the

accident, plaintiff's medical providers largely diagnosed her pain and injuries as conditions that existed before the accident.

Plaintiff filed a complaint alleging that defendant Shannon negligently caused the accident and that the accident caused physical injuries and aggravated her preexisting conditions. Plaintiff's complaint also contained claims of ownership liability and negligent entrustment against defendant EAN Holdings, LLC, in addition to an uninsured/underinsured motorist claim against defendant Trumbull Insurance Company. Defendants moved for summary disposition under MCR 2.116(C)(10), arguing that plaintiff failed to establish that she sustained an objectively manifested injury as a result of the accident or that her general ability to lead a normal life had been negatively affected by the accident. In response, plaintiff argued that a question of fact existed regarding both issues because evidence established that her physical injuries resulted from the accident, the accident aggravated her preexisting conditions, and the injuries impacted her ability to care for herself and her home. The trial court granted defendants' motion and, after denying plaintiff's motion for reconsideration, this appeal followed.

## II. STANDARDS OF REVIEW

We review "de novo a trial court's decision on a motion for summary disposition." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). Summary disposition under MCR 2.116(C)(10) is appropriate "if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Piccione v Gillette*, 327 Mich App 16, 19; 932 NW2d 197 (2019) (quotation marks and citation omitted). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Id*. (quotation marks and citation omitted). "Courts are liberal in finding a factual dispute sufficient to withstand summary disposition." *Id*. (quotation marks and citation omitted). When considering such a motion, we must consider "the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008).

## III. ANALYSIS

On appeal, plaintiff argues that the trial court erred when it granted defendants' motion for summary disposition because the trial court failed to look at the facts in a light most favorable to plaintiff and by assessing the credibility of plaintiff's evidence instead of allowing a jury to do so. Because plaintiff failed to raise a genuine issue of material fact regarding whether her injuries impacted her general ability to lead her normal life, we disagree.

Under the no-fault insurance act, MCL 500.3101 *et seq*., tort liability for noneconomic losses is generally limited to instances in which the injured person has suffered death, serious impairment of body function, or permanent serious disfigurement. MCL 500.3135(1); *McCormick v Carrier*, 487 Mich 180, 189-190; 795 NW2d 517 (2010). A serious impairment of body function is an objectively manifested impairment of an important body function that affects the person's general ability to lead his normal life. MCL 500.3135(5); *McCormick,* 487 Mich at 190. Specifically, to establish a serious impairment of body function, a plaintiff must prove:

(1) an objectively manifested impairment (observable or perceivable from actual symptoms or conditions) (2) of an important body function (a body function of value, significance, or consequence to the injured person) that (3) affects the person's general ability to lead his or her normal life (influences some of the plaintiff's capacity to live in his or her normal manner of living). [*McCormick*, 487 Mich at 215.]

When evaluating the third prong—whether a plaintiff's injuries have affected their general ability to lead a normal life—"courts should consider not only whether the impairment has led the person to completely cease a pre-incident activity or lifestyle element, but also whether, although a person is able to lead his or her pre-incident normal life, the person's general ability to do so was nonetheless affected." *McCormick*, 487 Mich at 202. A plaintiff need only produce evidence

that some of the person's *ability* to live in his or her normal manner of living has been affected, not that some of the person's normal manner of living has itself been affected. Thus, while the extent to which a person's general ability to live his or her normal life is affected by an impairment is undoubtedly related to what the person's normal manner of living is, there is no quantitative minimum as to the percentage of a person's normal manner of living that must be affected. [*Id*.]

"The serious impairment analysis is inherently fact- and circumstance-specific and must be conducted on a case-by-case basis." *Id*. at 215. "[T]he statute merely requires that a person's general ability to lead his or her normal life has been affected, not destroyed." *Id*. at 202. Accordingly, the statute only requires that some part of a person's ability to live his or her normal life be affected, not that the person's normal manner of living itself be affected. *Piccione*, 327 Mich App at 21.

The only evidence plaintiff provided to support her claim in the lower court proceedings was an unnotarized, undated, and digitally signed affidavit. Plaintiff's affidavit alleged that she had been in "reasonably good health" and participated in "most of the usual activities of life" before the accident, but the accident left her unable to live that same life. Plaintiff alleged that her continued pain, stress, and discomfort prevented her from engaging in the same activities she did before the accident. Plaintiff also believed that her injuries from the accident prevented her from attending family functions, enjoying time with friends, performing housework or yardwork, going up and down the stairs, and driving for periods of time, and she alleged that she now relied on the help of others to take care of herself and her home.

Plaintiff provided a signed, dated, and notarized copy of her affidavit on appeal, but she did not provide the copy in her response brief or any copy in her motion for reconsideration. A party may not expand the record on appeal, and this Court may only consider the record established by the trial court. *Wolfenbarger v Wright*, 336 Mich App 1, 27; 969 NW2d 518 (2021). Because plaintiff's only evidence of the accident's impact on the ability to lead her normal life in the trial court proceedings was an unsworn statement that this Court cannot consider, it is not sufficient to create a genuine issue of material fact. See *Liparoto Constr, Inc v Gen Shale Brick, Inc*, 284 Mich

App 25, 33; 772 NW2d 801 (2009) (providing that "unsworn statements . . . are not sufficient to create a genuine issue of material fact to oppose summary disposition under MCR 2.116(C)(10)").[1]

Affirmed.  Defendants, as the prevailing parties, may tax costs.  MCR 7.219(A).

/s/ Kirsten Frank Kelly
/s/ Mark J. Cavanagh
/s/ Michael J. Riordan

---

[1] And even if we were to consider plaintiff's affidavit on appeal, the affidavit fails to create a genuine issue of material fact.  While plaintiff claims in her affidavit that the accident negatively affected her ability to live the life she did before the accident, her statements are general and conclusory.  See *Liparoto Constr, Inc*, 284 Mich App at 33.  Accordingly, even viewed in the light most favorable to plaintiff, the facts and evidence do not demonstrate that any possible objectively manifested impairment of an important body function affected her general ability to lead her normal life. *McCormick*, 487 Mich at 215.