*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHELLE HAGGART, also known as
MICHELLE HAGGART-WESNER,

       Plaintiff-Appellant,

v

HILLS OF REGENCY I CONDOMINIUM
ASSOCIATION and KRAMER-TRIAD
MANAGEMENT GROUP, LLC,

       Defendants-Appellees,

and

CONSTRUCTION PLUS, INC., and
CONSTRUCTION PLUS LANDSCAPING
SERVICES, INC.,

       Defendants.

UNPUBLISHED
February 21, 2019

No. 341007
Macomb Circuit Court
LC No. 2016-004405-NO

Before: CAVANAGH, P.J., and BORRELLO and REDFORD, JJ.

PER CURIAM.

In this premises liability action, plaintiff appeals as of right an order granting summary disposition under MCR 2.116(C)(10) in favor of defendants Hills of Regency I Condominium Association and Kramer-Triad Management Group, LLC ("defendants").[1] For the reasons set forth in this opinion, we affirm.

---

[1] Defendants Construction Plus, Inc., and Construction Plus Landscaping Services, Inc., were dismissed from the case by a separate order and are not parties to this appeal.

## I. BACKGROUND

This case arises out of a slip-and-fall in which plaintiff allegedly slipped on an unseen patch of ice on a driveway outside of a condominium. According to plaintiff's deposition testimony, plaintiff arrived at the condominium at 8:30 a.m. on the morning of December 23, 2013, to clean and put up Christmas decorations for the couple who lived there. She parked in the cul-de-sac in front of the condominium and made two trips, without incident, from her vehicle to the condominium in order to carry in her cleaning supplies. Approximately two hours after her arrival, plaintiff went back outside to get a handheld vacuum out of her vehicle, and she slipped and fell as she was walking down the driveway.

Plaintiff testified in her deposition that she had noticed snow on the grass; that it "was a sunny day, melty"; and that it "was kind of icky" when she first arrived at the condominium. During her earlier trips up the driveway when she first arrived, plaintiff had noticed that "[t]here was some snow, but it wasn't slippery"; she walked around the snow. Plaintiff testified that she had lived in Michigan her entire life and was aware of the potential for ice. As she walked to her car immediately before her fall, plaintiff attempted to walk down the driveway on the clearest, driest path to avoid some "chunky stuff" that was apparently a broken piece of the curb located "on the apron where the street meets the bottom of the driveway." Plaintiff indicated that at least some portion of the cement driveway was damp with moisture, but plaintiff testified that she did not see any ice in the area either before or after she fell. Nonetheless, plaintiff testified that she "knew" she had slipped on "black ice" and that she knew it was black ice "[b]ecause there was nothing on the ground but the cement." Plaintiff stated that there was no ice when she arrived at the condominium at 8:30 a.m., but she claimed without explanation that the ice must have formed sometime between her arrival and her fall at 10:30 a.m. Plaintiff did not know if there had been rain or snow on the day of her fall before she arrived at the condominium, but she did not think that it had rained. She also did not know what the weather had been like the night before, and she did not know if the temperature was above freezing that day.

Plaintiff instituted this action against defendants asserting, among other things, a premises liability claim.[2] Defendants moved for summary disposition, arguing that the alleged condition was an open and obvious condition and that plaintiff had not introduced any evidence that defendants had actual or constructive notice of it. Plaintiff responded, arguing that a question of fact existed regarding whether defendants had constructive notice of the condition; that the condition was not open and obvious; and that even if the condition was open and obvious, there was a genuine issue of material fact regarding whether it was effectively unavoidable. The trial court ruled that there was no genuine issue of material fact that the ice on which plaintiff slipped was an open and obvious condition, and the court further concluded that it

---

[2] In addition to her premises liability claim, plaintiff's complaint included three additional counts. The trial court also dismissed these additional counts on summary disposition, and plaintiff does not challenge these rulings on appeal. The only issue before this Court is the propriety of the trial court's ruling on plaintiff's premises liability claim.

was not effectively unavoidable. Thus, the trial court granted defendants summary disposition and dismissed plaintiff's premises liability claim against them.

On appeal, plaintiff argues that the trial court erred when it granted defendants summary disposition of plaintiff's premises liability claim. Specifically, plaintiff argues that the trial court erred (1) because there was a genuine issue of material fact regarding whether defendants had constructive notice of the alleged condition and (2) because there was a genuine issue of material fact regarding whether the condition was effectively unavoidable, even if it was open and obvious.

## II. STANDARD OF REVIEW

A trial court's decision concerning summary disposition is reviewed de novo. *Walters v Nadell*, 481 Mich 377, 381; 751 NW2d 431 (2008). A motion for summary disposition pursuant to MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012). This Court "review[s] a motion brought under MCR 2.116(C)(10) by considering the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008). "Summary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Id*. "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). The moving party has the initial burden to support its claim with documentary evidence, after which the burden "shifts to the nonmoving party to demonstrate a genuine issue of disputed fact exists for trial." *AFSCME v Detroit*, 267 Mich App 255, 261; 704 NW2d 712 (2005). Meeting this burden requires the nonmoving party to "present documentary evidence establishing the existence of a material fact, and the motion is properly granted if this burden is not satisfied." *Id*. "Circumstantial evidence can be sufficient to establish a genuine issue of material fact, but mere conjecture or speculation is insufficient." *McNeil-Marks v MidMichigan Med Ctr-Gratiot*, 316 Mich App 1, 16; 891 NW2d 528 (2016).

"Questions regarding whether a duty exists are for the court to decide as a matter of law." *Mouzon v Achievable Visions*, 308 Mich App 415, 418; 864 NW2d 606 (2014). We review issues of law de novo. *Slaughter v Blarney Castle Oil Co*, 281 Mich App 474, 477; 760 NW2d 287 (2008).

## III. ANALYSIS

"With regard to invitees,[3] a landowner owes a duty to use reasonable care to protect invitees from unreasonable risks of harm posed by dangerous conditions on the owner's land." *Hoffner v Lanctoe*, 492 Mich 450, 460; 821 NW2d 88 (2012). However, a land possessor has no duty to protect or warn with respect to open and obvious dangers. *Id*. "Whether a danger is open

---

[3] The parties do not dispute that plaintiff was an invitee.

and obvious depends on whether it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection." *Id*. at 461. This standard is an objective one. *Id*. When the alleged dangerous condition involves ice and snow, Michigan courts consider "whether the individual circumstances, including the surrounding conditions, render a snow or ice condition open and obvious such that a reasonably prudent person would foresee the danger." *Id*. at 463-464.

Nevertheless, a land possessor may still be subject to liability if "*special aspects* of a condition make even an open and obvious risk unreasonable." *Id*. at 461. Our Supreme Court has recognized "two instances in which the special aspects of an open and obvious hazard could give rise to liability: when the danger is *unreasonably dangerous* or when the danger is *effectively unavoidable*. *Id*. at 463. "[N]either a common condition nor an avoidable condition is uniquely dangerous." *Id*.

In this case, plaintiff does not argue that the alleged condition of black ice was not open and obvious, and our analysis is thus confined to determining whether there were special aspects that would prevent the open and obvious doctrine from barring this claim. *Hoffner*, 492 Mich at 464 ("[I]f the condition is open and obvious, a plaintiff who is injured by the condition may avoid summary disposition only if there are special aspects to the condition."). Furthermore, with respect to special aspects, plaintiff only argues that the alleged condition was effectively unavoidable. "Unavoidability is characterized by an *inability to be avoided*, an *inescapable result*, or the *inevitability* of a given outcome." *Id*. at 468. "[A] hazard must be unavoidable or inescapable in effect or for all practical purposes." *Id*. In other words, "the standard for "effective unavoidability" is that a person, for all practical purposes, must be required or compelled to confront a dangerous hazard." *Id*. at 469; see also *id*. at 456 ("[A]n 'effectively unavoidable' condition must be an inherently dangerous hazard that a person is inescapably required to confront under the circumstances."). In contrast, "situations in which a person has a choice whether to confront a hazard cannot truly be unavoidable, or even effectively so." *Id*. at 469.

Plaintiff relies on *Lymon v Freedland*, 314 Mich App 746; 887 NW2d 456 (2016), to support her argument that the alleged condition was effectively unavoidable. In *Lymon*, the plaintiff was an essential home healthcare aid working for an elderly patient with dementia and Parkinson's disease who required "constant care and could not be left alone." *Lymon*, 314 Mich App at 749-750, 761-762. The plaintiff arrived at the patient's residence, which was located on a hill and had a steep driveway, one evening for an overnight shift. *Id*. at 750. The plaintiff had to park in the street because she could not drive her vehicle up the driveway without bottoming out. *Id*. When she arrived, the plaintiff was confronted with a driveway that "was covered in snow with ice build-up underneath" and a yard that was impassible due to the incline. *Id*. at 750-751. The plaintiff testified that "the only way the yard could be safely traversed was 'with some ski sticks maybe.' " *Id*. at 751. There was further evidence that foliage next to the house obstructed the path and would likely require someone using the alternate path through the yard to still walk on some part of the driveway. *Id*. at 762. After walking about halfway up the driveway, the plaintiff fell and was injured. *Id*. at 751. This Court held that although other individuals were able to successfully access the home by way of the slippery yard, the evidence left open a question of fact regarding whether the "plaintiff was compelled to confront the hazardous risk

-4-

posed by the snowy and icy conditions" at the residence. *Id*. at 762-764. The *Lymon* Court reasoned as follows:

> [P]laintiff in this case was compelled to enter the premises because she was a home healthcare aide who could not abandon her patient. As an essential home healthcare aide, plaintiff did not have the option of failing to appear for work. Gloria was an elderly patient with dementia and Parkinson's disease, and plaintiff was scheduled to care for her throughout the night. Hence, abandoning Gloria was not an option, leaving plaintiff compelled to traverse two equally hazardous pathways. On the one hand, plaintiff could traverse the steep, snowy, and icy driveway. On the other hand, plaintiff could have traversed the steep yard next to the driveway, but this route also contained slippery, hazardous conditions. Evidence showed that some individuals were able to successfully navigate this route to the home, supporting the argument that the hazards on the driveway may have been avoidable. However, other evidence left open a question of fact as to whether the yard provided a viable alternative route. [*Id*. at 761-762.]

The instant case is clearly distinguishable from *Lymon*. Plaintiff does not claim that her only available routes between the condominium and her vehicle involved "equally hazardous pathways" such that she had to choose which dangerous hazard to confront. *Id*. at 762. Instead, plaintiff merely argues that the alleged condition was effectively unavoidable because she consciously chose the particular path on which she fell. But our Supreme Court has explained that it is necessary to "consider the risk posed by the condition *a priori*, that is, before the incident involved in a particular case"; it is thus "inappropriate to conclude in a retrospective fashion that merely because a particular plaintiff, in fact, suffered harm or even severe harm, that the condition at issue in a case posed a uniquely high risk of severe harm." *Hoffner*, 492 Mich at 461-462 (quotation marks and citation omitted). Moreover, plaintiff's reason for being at the condominium—to perform basic cleaning tasks and to put up Christmas decorations—does not present the same level of necessity and urgency as providing round-the-clock care for a patient with dementia and Parkinson's disease who could not be left alone. See *Lymon*, 314 Mich App at 749-750, 761-762. Plaintiff has thus failed to demonstrate that there exists a genuine issue of material fact regarding whether she was required for all practical purposes to confront a dangerous hazard such that the alleged hazard could be considered effectively unavoidable. *Hoffner*, 492 Mich at 469. Accordingly, the trial court did not err by granting defendants summary disposition and concluding that the alleged condition was open and obvious with no special aspects that would make the open and obvious risk unreasonable.

Finally, in light of this conclusion, it is unnecessary to address plaintiff's additional argument regarding whether defendants had constructive notice of the alleged dangerous condition. A premises possessor may be subject to liability for a breach of the duty of ordinary care owed to invitees "when the premises possessor knows or should know of a dangerous condition on the premises of which the invitee is unaware and fails to fix the defect, guard against the defect, or warn the invitee of the defect." *Hoffner*, 492 Mich at 460. In other words, a plaintiff must show that a premises possessor had actual or constructive notice of the alleged dangerous condition in order to demonstrate a breach of the land possessor's duty. In this case, however, there was no legitimate factual question that defendants had *no duty* because of the open and obvious nature of the alleged condition, and the question whether defendants had

constructive notice is therefore irrelevant; plaintiff's premises liability claim necessarily fails because defendants were entitled to summary disposition in their favor on the duty element. See *Mouzon*, 308 Mich App at 418 (A plaintiff asserting a premises liability action "must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages.") (quotation marks and citation omitted).

Affirmed.

/s/ Mark J. Cavanagh
/s/ Stephen L. Borrello
/s/ James Robert Redford