*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BRANDI L. ROE,

        Plaintiff-Appellant,

v

MICHIGAN INTERNATIONAL SPEEDWAY,
INC. and LIVE NATION WORLDWIDE, INC.,

        Defendants-Appellees.

UNPUBLISHED
April 18, 2019

No. 342857
Lenawee Circuit Court
LC No. 17-005823-NO

Before: JANSEN, P.J., and METER and GLEICHER, JJ.

PER CURIAM.

In this premises liability action, plaintiff appeals as of right the trial court's orders granting summary disposition in favor of defendants, Michigan International Speedway, Inc. (MIS) and Live Nation Worldwide, Inc. (Live Nation). We affirm.

## I. RELEVANT FACTUAL BACKGROUND

This appeal arises out of injuries sustained by plaintiff on July 16, 2016, while attending the Faster Horses music festival (Faster Horses), presented by Live Nation, at MIS. Plaintiff had been attending Faster Horses with a group of friends, and was camping at the M-50 Creekside campsite at MIS. The group arrived Friday evening, and on Saturday morning, plaintiff woke up, showered, and had breakfast. Around 1:00 p.m., the group started playing games like beer pong and corn hole. Around 5:00 p.m., the group left the campsite and walked to the concert venue. Plaintiff and a companion separated from the group, and stayed at Faster Horses until the end of the last musical act. Plaintiff testified at her deposition that she had begun drinking beer and mixed vodka drinks at the campsite around 1:00 p.m., and had continued drinking consistently throughout the day and during her time at Faster Horses.

Around 11:30 p.m., plaintiff and her companion began walking back towards the campsite. The pathway was well lit, and was used as the main ingress and egress between the concert venue and the campsites. Along the way, plaintiff's companion decided that instead of waiting in line to use a portable restroom, he would leave the pathway and go into an adjacent dark, wooded area to relieve himself. Shortly thereafter, plaintiff heard her companion start

-1-

calling out for her. Without looking, plaintiff ventured after him. After taking "about two steps into the wooded area," plaintiff fell down a ravine into a creek bed and broke her ankle.

## II. STANDARD OF REVIEW

Both defendants moved to summarily dismiss plaintiff's premises liability claim pursuant to MCR 2.116(C)(10). This Court reviews de novo a trial court's decision on a motion for summary disposition. *Johnson v Vanderkooi*, 502 Mich 751, 761; 918 NW2d 785 (2018). A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012). This Court reviews a "motion brought under MCR 2.116(C)(10) by considering the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008). "Summary disposition under MCR 2.l16(C)(10) is appropriately granted if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Greene v AP Prod, Ltd*, 475 Mich 502, 507; 717 NW2d 855 (2006). "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds could differ." *Debano-Griffin v Lake Co*, 493 Mich 167, 175; 828 NW2d 634 (2013).

## III. OPEN AND OBVIOUS

First, plaintiff maintains that the trial court erroneously granted summary disposition in favor of MIS and Live Nation where a factual dispute continued to exist regarding whether the hazardous condition, here a steep drop off into a creek in a wooded, unlit area, was open and obvious. We disagree.

To prove a claim of premises liability, a plaintiff must establish the four elements of negligence: duty, breach, causation, and damages. *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 693; 822 NW2d 254 (2012). "Generally, an owner of land 'owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land.' " *Id*. (citation omitted). Michigan courts have consistently held that the duty of a landowner to exercise reasonable care "does not extend to open and obvious dangers." *Id*. at 6. Rather, when "dangers are known to the invitee or are so obvious that the invitee might reasonably be expected to discover them, an invitor owes no duty to protect or warn the invitee unless he should anticipate the harm despite knowledge of it on behalf of the invitee." *Id*. (quotation marks and citation omitted). "The standard for determining if a condition is open and obvious is whether an average user with ordinary intelligence [would] have been able to discover the danger and risk presented upon casual inspection." *Slaughter v Blarney Castle Oil Co*, 281 Mich App 474, 478; 760 NW2d 287 (2008) (quotation marks and citation omitted). This is an objective test, and the inquiry is limited to "whether a reasonable person in the plaintiff's position would have foreseen the danger, not whether the particular plaintiff knew or should have known that the condition was hazardous." *Id*. at 479.

Here, plaintiff had been leaving Faster Horses, hosted by Live Nation at MIS, after the last concert of the night. She was walking along a lit pathway connecting the concert venue to the off-premises campsites. At some point, plaintiff's companion decided that instead of waiting in line to use the portable restrooms provided by Live Nation and MIS, he would venture off the

well-lit path and into a dark wooded area in order to urinate. Shortly after entering the wooded area, plaintiff's companion began calling her name, asking for her help. At that point, without looking, plaintiff blindly entered into the dark, wooded area and promptly fell down a ravine, breaking her ankle. We conclude that an average person of ordinary intelligence would have, upon casual inspection, been able to discover and appreciate the danger and risk associated with venturing off a well-lit pathway intended for pedestrian ingress and egress in order to enter a dark, wooded area with possible varied terrain at night. Accordingly, based on the record before this Court, we conclude that the trial court did not err in concluding that the hazardous condition was open and obvious, that a reasonable person in plaintiff's position would have foreseen the danger, and that MIS and Live Nation were entitled to summary disposition of plaintiff's claim.

## IV. SPECIAL ASPECTS

Plaintiff also argues that even if the hazardous condition was open and obvious, the trial court erroneously granted summary disposition in favor of MIS and Live Nation where there are special aspects of the hazardous condition that created a high risk of harm. Specifically, plaintiff argues that the condition was unavoidable because her companion's cries compelled her to enter the wooded area, and that the unguarded drop off in the woods is unreasonably dangerous. Again, we disagree.

Regardless of whether a hazard is open and obvious, a landowner may still be subject to liability if "*special aspects* of a condition make even an open and obvious risk unreasonable." *Hoffner v Lanctoe*, 492 Mich 450, 461; 821 NW2d 88 (2012). Our Supreme Court has recognized "two instances in which the special aspects of an open and obvious hazard could give rise to liability: when the danger is *unreasonably dangerous* or when the danger is *effectively unavoidable*." *Id*. at 493. "[N]either a common condition nor an avoidable condition is uniquely dangerous." *Id*.

"Unavoidability is characterized by an *inability to be avoided*, an *inescapable result*, or the *inevitability* of a given outcome." *Id*. at 468. The hazard "must be unavoidable or inescapable in effect for all practical purposes." *Id*. Put simply, "the standard for 'effective unavoidability' is that a person, for all practical purposes, must be required or compelled to confront a dangerous hazard." *Id*. at 469. However, where an invitee has a "choice whether to confront a hazard, [it] cannot truly be unavoidable, or even effectively so." *Id*. An open and obvious condition can also "impose an unreasonably high risk of severe harm." *Lugo v Ameritech Corp*, 464 Mich 512, 517; 629 NW2d 384 (2001).

Plaintiff was not required or compelled to follow her companion into the dark, wooded area. In fact, plaintiff and her companion could have stood in line to use the portable restrooms instead of venturing off the path, in which case plaintiff's companion would have avoided falling first. Indeed, plaintiff admittedly chose to "confront [the] hazard," but blindly walking into the wooded area in order to help her companion, as opposed to first calling out to him to inquire what was wrong, or seeking assistance for him. *Id*. Plaintiff could have avoided her injuries entirely by staying on the well-lit pedestrian pathway. Moreover, plaintiff has not alleged any facts to show that the hazardous condition is unreasonably dangerous. If plaintiff had exercised ordinary care, she could have avoided falling down the ravine. Accordingly, the trial court did

not err in concluding that there are no special aspects present to preclude summary disposition in favor of MIS and Live Nation.

Affirmed.

/s/ Kathleen Jansen
/s/ Patrick M. Meter