*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CHARTER TOWNSHIP OF CANTON,

UNPUBLISHED
August 19, 2021

Plaintiff-Appellee,

v

No. 352880
Wayne Circuit Court
LC No. 18-004215-CZ

IMAC PROPERTIES LLC, DANIEL
MCCAUSLAND and ROBERT MCCAUSLAND,

Defendants-Appellants.

Before: CAVANAGH, P.J., and O'BRIEN and REDFORD, JJ.

PER CURIAM.

In this zoning ordinance violation case, defendants appeal by delayed leave granted[1] an order granting summary disposition in favor of plaintiff, thereby prohibiting outside storage on defendants' property except in a single specified area. We reverse and remand.

This case involves a longstanding dispute regarding defendants' use of their property. Over the past 25 years, defendants have acquired 18 contiguous parcels of property located near the southwest corner of Ford Road and Lotz Road in Canton Township. Defendants had originally operated an auto repair business out of a building on one parcel, which had been approved in 1975 and became a legal nonconforming use when the zoning ordinance was amended in 1980, rezoning the property to C-3, "Highway Oriented Commercial District." In 1992, the property was rezoned to "Mid-Rise Development" and, in 1998, became further subject to the development regulations of the "Corporate Park Overlay District." Under these zoning designations, all proposed uses of property must be approved through the special land use process and outside storage or display of any kind is prohibited.

In the interim since that site plan approval to operate the original auto repair business occurred in 1975, defendants expanded their business to include auto and equipment sales. In

---

[1] *Charter Township of Canton v IMAC Properties LLC*, unpublished order of the Court of Appeals, entered August 11, 2020 (Docket No. 352880).

1994, defendant Robert McCausland sought a Class B (used vehicle) dealer license and advised plaintiff that one was necessary "in order to represent dealers at the auction and transport vehicles to and from the auction. . . . It is not [defendants'] intention to store or offer for sale used cars from their business location." Plaintiff provided approval for the license subject to the conditions that defendants "not store vehicles on the site, either outside or within a completely enclosed structure" and "not offer for sale new or used vehicles from this site."

However, in June 2005, defendant Robert McCausland was issued a citation for unlawfully selling vehicles from the auto repair business in violation of a zoning ordinance and was ordered to appear before the 35th District Court. That matter was resolved on January 6, 2006, with defendant entering a guilty plea and being ordered not to sell vehicles from the premises.

In January 2006, defendants Robert McCausland and Daniel McCausland sought Class A (new vehicle) and Class B (used vehicle) dealer licenses from the State of Michigan and required signed zoning and municipality approval forms from plaintiff. In seeking such approval, defendants stated in a letter dated January 30, 2006 that the Class A license would be used to sell Wally-Mo trailers which would not be physically on-site and that used vehicles being sold on-site would not be displayed with "for sale" signs on the lot. When the signed approval forms were not provided, a subsequent letter from defendants to plaintiff dated May 8, 2006 stated: "Per our conversation, Macs Auto shall not display vehicles for sale. Furthermore, Macs Auto will not have new transport trailers offered for sale or stored on the property." The letter further stated, "In exchange for this Canton Township will sign the Zoning and Municipality Approval forms." Both the municipality approval and zoning approval signed forms dated May 9, 2006 were then provided by plaintiff, and both stated that approval was "subject to no display of vehicles for sale on site and no trailers stored or displayed on site for sale pursuant to the court judgment dated 1/6/06."

In August 2015, defendant Daniel McCausland was issued a citation for unlawfully selling and displaying vehicles for sale in violation of a zoning ordinance and court order; he was ordered to appear before the 35th District Court. In October 2015, defendant Daniel McCausland was issued another citation for unlawfully selling vehicles from the auto repair business in violation of a zoning ordinance and was ordered to appear before the 35th District Court. Apparently, defendant pleaded no contest to these violations and agreed not to advertise vehicles for sale on the property.

Because plaintiff allegedly received numerous complaints about the condition of defendants' property, and actually observed zoning violations—including the continued storage of vehicles and selling of vehicles on the property—and after requests for compliance with the zoning ordinances went ignored by defendants, plaintiff filed this lawsuit in April 2018. Plaintiff noted that, while defendants' auto repair business was a legal nonconforming use, defendants substantially expanded their use of the property—adding new businesses and expanding the use to almost all 18 parcels of land—without applying for or receiving approval through the special land use process as required under applicable ordinances. Further, defendants' property was littered with "unlicensed, non-working and rusting vehicles and trailers," as well as "multiple residential structures and storage buildings in various states of disrepair and decay." Consequently, plaintiff alleged, defendants' legal nonconforming use was transformed into an illegal nonconforming use and is a nuisance per se under MCL 125.3407. Plaintiff sought an injunction and declaratory judgment that defendants' property was in violation of zoning ordinances, including those prohibiting any outside storage or display, as well as "inoperative or unlicensed motor vehicles"

on the property, and that such uses of defendants' property in violation of applicable ordinances constituted a nuisance per se which must be abated. Numerous exhibits were attached to plaintiff's complaint, including but not limited to excerpts of ordinance provisions and several photographs which demonstrated the condition of the property, including that structures, vehicles, and trailers were located on the property.

In May 2019, plaintiff filed a motion for summary disposition under MCR 2.116(C)(9) and (10). Plaintiff argued that it was entitled to an order declaring defendants' property to be a nuisance per se that must be abated because the evidence established that defendants (1) expanded their original use of the property—an auto repair business on one parcel—to include almost all 18 parcels of land and added new businesses without obtaining approval through the special land use process, (2) violated zoning ordinances by selling and storing vehicles on their property without zoning approval and despite the fact that such activities are prohibited by zoning regulations, and (3) received numerous citations for zoning violations but never attempted to bring their property into compliance with zoning regulations. Several exhibits were attached to plaintiff's motion, including aerial photographs demonstrating the condition of defendants' property. Plaintiff argued that defendants have only submitted one application seeking zoning approval through the special land use process to develop one parcel of property for a medical clinic in 2018, which was approved. Despite defendants' illegal nonconforming use of their other parcels of property, there was no evidence that defendants ever attempted to comply with applicable zoning ordinances.

Plaintiff noted that on January 31, 2006, defendant Robert McCausland entered into a stipulation with the then-prosecuting attorney as related to the dismissal of five cases arising from zoning violation citations written in 2003 against defendant. The stipulation states, in relevant part, that defendants' "storage area on Lotz Rd shall be maintained in a neat and orderly condition and not expanded beyond current area of 225 ft by 145 ft." There was also a notation to "Al Smith" Drive above the "Lotz Rd" notation. The stipulation also states, "Vehicle storage area shall not exceed 4 storage trailers." Plaintiff argued that even if the stipulation was enforceable and relied upon by defendants as they claimed, any such argument must fail because defendants' use far exceeded the area permitted for storage. One aerial photograph was taken in April 2019 (referred to as "Exhibit NN") which depicted the alleged stipulated storage area as a square and showed how defendants' actual storage of vehicles exceeded that designated area. Thus, plaintiff argued, as set forth in MCL 125.3407 as well as plaintiff's own ordinances, a use of property in violation of a zoning ordinance or regulation is a nuisance per se for which the court must order abatement and, in this case, plaintiff was entitled to summary disposition.

Defendants responded to plaintiff's motion for summary disposition, arguing that plaintiff could not rely on the aerial photograph taken in April 2019 that was not produced—and thus subject to scrutiny—during the discovery period. Further, plaintiff provided no evidence in support of its claims that defendants currently had unlawful outdoor storage, unlawfully sold vehicles, and expanded a nonconforming use without plaintiff's approval. Plaintiff's own ordinance enforcement officer, Mark Hook, testified in his deposition that he had not been on defendants' property since 2018. Further, the parties entered into a stipulation that expressly provides for the sale and storage of vehicles on defendants' property located on Lotz Road and Al Smith Drive. Accordingly, defendants—not plaintiff—were entitled to summary disposition of this matter.

Defendants also filed a motion for summary disposition under MCR 2.116(C)(10), arguing that there are no zoning ordinance violations because they are not "unlawfully" selling and storing vehicles on their property. Defendants admitted that their property is zoned as "Mid-Rise Development District" and subject to the regulations of the Corporate Overlay District which requires that any proposed use be approved through the special land use permit process. But, they argued, defendants have dealer licenses that were granted with the consent and approval of plaintiff "with the condition that Defendants could not *display* their vehicles for sale on the property." Further, the parties entered into a stipulation that allowed defendants to store vehicles outdoors on Lotz Road and Al Smith Drive which plaintiff has ignored by issuing numerous citations for alleged violations of outdoor storage regulations. Defendants argued that, as permitted by plaintiff, they "are selling and storing vehicles on their property." Accordingly, defendants argued, they were entitled to summary disposition of plaintiff's claims.

Plaintiff responded to defendants' motion for summary disposition, arguing that defendants admitted to violating the zoning ordinances in their motion and depositions, and failed to present any evidence contradicting plaintiff's claims against them. In particular, plaintiff's consent to the issuance of dealer licenses did not override the zoning ordinance or allow defendants to use their property in any way they wished. In fact, auto sales have been prohibited since 1980 and defendants never sought zoning approval for this expanded use. Further, the stipulation entered into in 2006 only allowed the use of a limited portion of one of the 18 parcels for storage. Plaintiff again submitted as an exhibit the aerial photograph taken in April 2019 (referred to as "Exhibit NN") which depicted the purported stipulated storage area and showed how defendants have violated that agreement by storing vehicles throughout their several parcels of property rather than only in the designated area on one parcel. In summary, plaintiff argued that it provided extensive documentation in support of their zoning ordinance violation claims, as well as defendants' long history of noncompliance despite several citations being issued; thus, plaintiff—not defendants— was entitled to summary disposition and an order declaring defendants' property to be a nuisance per se that must be abated.

On July 11, 2019, the trial court held oral arguments on both parties' motions for summary disposition. The parties argued consistently with their briefs. Plaintiff requested the court to declare defendants' property a nuisance per se because they were violating the zoning ordinance by engaging in outdoor storage, using property without the required site plan and special land use approvals, and expanding the nonconforming auto service use to include auto sales and auto storage uses. Defendants rebutted those claims, arguing that their nonconforming use is substantially the same in size and in scope. Further, they were approved by plaintiff for auto dealer licenses and entered into a stipulation with plaintiff allowing one acre of outdoor storage on both Al Smith Drive and Lotz Road. The court concluded that it was clear from the aerial photograph provided by plaintiff, Exhibit NN, that there were several vehicles parked outside the area designated as permitted for storage which violated the zoning ordinance. Further, the court noted, defendants had been ticketed a number of times for such violations; therefore, plaintiff's motion was granted and defendants' motion was denied. Plaintiff was to submit an order consistent with the court's ruling.

Plaintiff submitted a proposed order under the 7-day rule, MCR 2.602(B)(3), which stated, in relevant part, that plaintiff's motion was granted "in so far as outside storage shall not be permitted on Defendants' Properties, with the exception of the area designated on Exhibit NN of

Plaintiff's Motion for Summary Disposition." Defendants filed an objection to that proposed order as not in conformity with the parties' stipulation which was relied upon by the trial court. A hearing was held regarding the objection on August 9, 2019, at which time defendants argued that the parties' stipulation provided for storage areas on both Lotz Road and Al Smith Drive but that was not depicted in plaintiff's Exhibit NN. Thus, defendants argued, plaintiff's proposed order did not conform to the stipulation. The trial court denied defendants' objection, holding that the only area the court allowed for storage was that area designated on plaintiff's Exhibit NN; thus, plaintiff's proposed order was correct. On August 27, 2019, the final order was entered by the court, stating that outside storage was not permitted on defendants' property except in the area designated on Exhibit NN. This appeal followed.

Defendants argue that plaintiff's Exhibit NN did not accurately represent the terms of the parties' 2006 stipulation and defendants were deprived of the opportunity to prove it was inaccurate because it was not produced during the discovery period. Thus, the trial court's reliance on this "evidence" to grant plaintiff's motion for summary disposition was improper and erroneous. We tend to agree.

We review de novo a trial court's decision on a motion for summary disposition. *Latham v Barton Malow* Co, 480 Mich 105, 111; 746 NW2d 868 (2008). Plaintiff sought summary disposition under both MCR 2.116(C)(9) and (C)(10), and the court did not specify under which subrule it granted summary disposition. However, the court considered documents outside the pleadings so we review the court's decision under MCR 2.116(C)(10). See *Spiek v Mich Dep't of Transportation*, 456 Mich 331, 338; 572 NW2d 201 (1998). A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012). "In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion." *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). Where there is a genuine issue of material fact, summary disposition is not proper. *Id*. "A genuine issue of material fact exists when reasonable minds could differ on an issue after viewing the record in the light most favorable to the nonmoving party." *Auto-Owners Ins Co v Campbell-Durocher Group Painting & Gen Contracting, LLC*, 322 Mich App 218, 224; 911 NW2d 493 (2017) (quotation marks and citation omitted).

Defendants argue that the January 31, 2006 stipulation was unambiguous and allowed defendants to store vehicles in two designated outdoor areas—on Lotz Road *and* on Al Smith Drive. While defendants admitted that plaintiff "consistently attempted to disavow the Stipulation," defendants never explained why, with proper citation to legal authority, this stipulation is binding in this zoning ordinance violation case. But plaintiff appears to have abandoned its challenge to the binding nature of the 2006 stipulation because plaintiff acknowledged—including through Exhibit NN—that defendants were entitled to use an area 225 feet by 145 feet on Lotz Road for storage as set forth in that stipulation. Because plaintiff effectively conceded the binding nature of the stipulation, we will assume for purposes of this case that it is binding without reaching that decision.

Plaintiff argues on appeal that the trial court's ruling was not based in any way on that 2006 stipulation. We cannot agree. The trial court's order—which was drafted by plaintiff—states that

plaintiff's motion for summary disposition was granted "in so far as outside storage shall not be permitted on Defendants' Properties, with the exception of the area designated on Exhibit NN of Plaintiff's Motion for Summary Disposition[.]" Exhibit NN is an aerial photograph of defendants' property and, consistent with the 2006 stipulation, there is a square box drawn designating an area labeled "Storage Area 225 ft x 145 ft." Plaintiff specifically placed that designation on the aerial photograph—defining the permissible storage area—and submitted it to the trial court in support of its motion for summary disposition. And in reaching its ruling on the cross-motions for summary disposition, the trial court specifically referred to and relied upon plaintiff's Exhibit NN, stating "It's clear from the aerial photo that the area that's allowed for storage is depicted on the box from the aerial photograph. There's a number of lots to the right of it, but it's at least 40 cars stored there and this is contrary to the City of Canton's ordinance." Accordingly, contrary to plaintiff's representations on appeal, the trial court actually did rely on that 2006 stipulation—as its terms were interpreted by plaintiff and depicted on plaintiff's aerial photograph—when making its decision.

Defendants argue that the stipulation was unambiguous and, contrary to plaintiff's interpretation and the trial court's holding, allowed for two areas for storage—not one. The stipulation is handwritten and states in relevant part:

1. [Defendant's] [sic] storage area on Lotz Rd shall be maintained in a neat & orderly condition and not expanded beyond current area of 225 ft by 145 ft.

The issue arises here because handwritten vertical to the word "on" and above the word "Lotz" are the words "Al Smith." Defendants claim that this is a reference to the fact that defendants have storage areas are on *both* Lotz Rd and Al Smith Drive.

It does not appear from the lower court record that the trial court actually interpreted this provision of the stipulation; rather, plaintiff interpreted the stipulation and depicted—by drawing a box—a single storage area on the aerial photograph that plaintiff presented to the court as Exhibit NN. As plaintiff concedes on appeal, "the trial court did not undertake any contract interpretation." In other words, the trial court merely adopted plaintiff's interpretation of the stipulation without analysis. But defendants had objected to plaintiff's Exhibit NN because it was not produced during discovery and had only been produced by plaintiff in support of its motion for summary disposition. Consequently, defendants argued, they had no opportunity to challenge the accuracy of this aerial photograph or its designation of a single storage area which was inconsistent with the unambiguous stipulation. The trial court did not address these arguments.

The documentary evidence submitted in support of a motion brought under MCR 2.116(C)(10) may only be considered by the court "to the extent that the content or substance would be admissible as evidence to establish or deny the grounds stated in the motion." MCR 2.116(G)(6). Here, plaintiff's submitted Exhibit NN as evidence to establish no genuine issue of material fact existed that defendants were violating zoning ordinances by storing vehicles on their property outside of the designated storage area—in accordance with plaintiff's interpretation of the 2006 stipulation. But defendants challenged the admissibility of Exhibit NN because it had not been provided during discovery and because it presented an inaccurate interpretation of the 2006 stipulation.

With regard to discovery, under MCR 2.313(C)(1), when a party fails to provide information required by MCR 2.302(A)—which includes a photograph that will be used to support a claim, MCR 2.302(A)(1)(d)—the party is not allowed to use that information to support a motion unless the failure was substantially justified or harmless. Clearly, the failure to provide defendants this aerial photograph that reflects plaintiff's interpretation of the 2006 stipulation through the placement of a square box labeled "Storage Area 225 ft x 145 ft" was not harmless because defendants had no opportunity during the discovery period to prove it was inaccurate and the trial court substantially relied on it to grant plaintiff's motion for summary disposition. But because the trial court did not address this matter, the record is insufficient to determine if plaintiff's failure to disclose Exhibit NN was substantially justified. See MCR 2.313(C)(1).

Further, the trial court never addressed defendants' argument that plaintiff's interpretation of the 2006 stipulation as depicted in Exhibit NN was inaccurate. Defendants repeatedly argued that the 2006 stipulation allowed for defendants to have two storage areas—one on Lotz Road and one on Al Smith Drive—but Exhibit NN only showed one storage area. It is unclear from Exhibit NN whether plaintiff located the single storage area on Lotz Road or Al Smith Drive but, in any case, it is clear that there is only one storage area depicted. The trial court never mentioned its own review or consideration of the 2006 stipulation and made no findings at all relative to defendants' argument.

Because the trial court clearly relied upon plaintiff's interpretation of the 2006 stipulation, as depicted in Exhibit NN, in granting plaintiff's motion for summary disposition and the record is inadequate for this Court to determine whether Exhibit NN was such proper and dispositive evidence, we reverse that order and remand this matter to the trial court for further proceedings.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Mark J. Cavanagh
/s/ Colleen A. O'Brien
/s/ James Robert Redford