*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHELLE ORVIS and DARWIN ORVIS,

       Plaintiffs-Appellants,

v

THOMAS ALLEN MOORE,

       Defendant-Appellee.

UNPUBLISHED
December 22, 2022

No. 358646
Genesee Circuit Court
LC No. 18-110748-NI

Before: HOOD, P.J., and SWARTZLE and REDFORD, JJ.

PER CURIAM.

In this automobile negligence action, plaintiff Michelle Orvis[1] appeals as of right the trial court's order granting defendant's motion for summary disposition under MCR 2.116(C)(10). We reverse and remand for further proceedings.

## I. FACTS AND PROCEDURAL HISTORY

On November 23, 2015, defendant rear-ended plaintiff's vehicle while stopped at a red light. Plaintiff could not remember if she hit her head during the accident and refused medical treatment at the scene. Three days later, plaintiff sought medical treatment after experiencing head, neck, and back pain. Plaintiff continued to complain of these ailments months after the accident and saw several doctors and specialists who gave conflicting opinions regarding whether plaintiff suffered from a head injury.

Plaintiff filed a complaint in April 2018 alleging that defendant negligently caused the crash in question, and that the accident caused physical injuries and aggravated her preexisting

---

[1] Although Michelle Orvis's husband, Darwin Orvis, is identified as a plaintiff, this appeal only involves Michelle's negligence claim, and not the loss of consortium claim brought by Darwin. Accordingly, any references to plaintiff herein refer only to Michelle.

conditions.[2]  In January 2019, defendant filed a motion for summary disposition under MCR 2.116(C)(10).  Relevant to this appeal, defendant argued that plaintiff failed to establish that she sustained an objectively manifested injury as a result of the accident and that plaintiff's general ability to lead a normal life was not affected by the accident.  In response, plaintiff argued that a question of fact existed regarding whether her injuries affected her general ability to lead her normal life because evidence established that her physical ailments and cognitive impairments impacted her job and daily life.  The trial court granted defendant's motion.  Although the trial court concluded that there were genuine issues of material fact regarding whether plaintiff's alleged impairments were important body functions and whether they impacted her daily life, it found summary disposition appropriate because plaintiff failed to demonstrate the existence of an objective impairment "by way of actual symptoms and conditions that someone other than the injured person would observe or perceive as impairing a body function."  Plaintiff now appeals.

## II.  STANDARD OF REVIEW

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Piccione v Gillette*, 327 Mich App 16, 18-19; 932 NW2d 197 (2019).  Summary disposition is appropriate under MCR 2.116(C)(10) when "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law."  *Id.* at 19.  In reviewing a motion for summary disposition, the reviewing court must review the "pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party."  *Id.*, quoting *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008).  "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ."  *Piccione*, 327 Mich App at 19 (quotation marks and citation omitted).

## III.  ANALYSIS

Plaintiff argues that the trial court erred by granting defendant's motion for summary disposition on the ground that plaintiff failed to present sufficient evidentiary proofs to create a genuine issue of fact that she suffered an "objectively manifested impairment."  We agree.

Michigan's no-fault act, MCL 500.3101 *et seq*., limits tort liability for noneconomic losses in a motor vehicle accident.  *McCormick v Carrier*, 487 Mich 180, 189; 795 NW2d 517 (2010). "A person remains subject to tort liability for noneconomic loss caused by his or her ownership, maintenance, or use of a motor vehicle only if the injured person has suffered death, serious impairment of body function, or permanent serious disfigurement."  MCL 500.3135(1).[3]  Whether a serious impairment of a body function has occurred is a question of law for the trial court if

---

[2] Plaintiff also raised a loss of consortium claim and an excess wage loss claim, which are not at issue in this appeal.

[3] At the time of the trial court proceedings, former MCL 500.3135, 2012 PA 158, effective October 1, 2012, was in effect, not the current version of MCL 500.3135, 2019 PA 22, effective June 11, 2019.  The statutory language relevant to this appeal has not substantially changed.

"[t]here is no factual dispute concerning the nature and extent of the person's injuries," or if "[t]here is a factual dispute concerning the nature and extent of the person's injuries, but the dispute is not material to the determination whether the person has suffered a serious impairment of body function or permanent serious disfigurement." MCL 500.3135(2)(a)(*i*)(*ii*). "If the court may decide the issue as a matter of law, it should next determine whether the serious impairment threshold has been crossed." *McCormick*, 487 Mich at 215. To establish a serious impairment of body function, a plaintiff must prove:

> (1) an objectively manifested impairment (observable or perceivable from actual symptoms or conditions) (2) of an important body function (a body function of value, significance, or consequence to the injured person) that (3) affects the person's general ability to lead his or her normal life (influences some of the plaintiff's capacity to live in his or her normal manner of living). [*McCormick*, 487 Mich at 215.]

## A. OBJECTIVELY MANIFESTED IMPAIRMENT

Plaintiff argues that the trial court erred because genuine issues of fact exist regarding the nature and extent of her head injury and her preexisting degenerative spinal condition. We agree that genuine issues of material fact exist regarding the nature and extent of plaintiff's head injury and whether this amounted to an objectively manifested impairment, but disagree that factual issues exist regarding the aggravation of plaintiff's degenerative spinal condition.

The *McCormick* test requires proof of an objectively manifested impairment of an important body function. *McCormick*, 487 Mich at 215. "Objectively manifested" means "an impairment that is evidenced by actual symptoms or conditions that someone other than the injured person would observe or perceive as impairing a body function." *McCormick*, 487 Mich at 196. "Impairment" refers to the effect of the injury and the focus is not on the injury itself, but how the injury affected a body function. *Id*. at 197. To demonstrate that an impairment is "objectively manifested," a plaintiff must "introduce evidence establishing that there is a physical basis for their subjective complaints of pain and suffering[.]" *Id*. at 198 (quotation marks and citation omitted). Further, "the aggravation or triggering of a preexisting condition can constitute a compensable injury." *Fisher v Blankenship*, 286 Mich App 54, 63; 777 NW2d 469 (2009).

Initially, plaintiff argues that a factual dispute exists regarding whether she sustained an objectively manifested impairment. She claims that she established that she suffered a closed-head injury, and argues that, according to MCL 500.3135(2)(a)(*ii*), a question of fact automatically exists when a plaintiff sustains a closed-head injury. The plain language of MCL 500.3135(2)(a)(*ii*), however, provides: "for a closed-head injury, a question of fact for the jury is created if a licensed allopathic or osteopathic physician who regularly diagnoses or treats closed-head injuries testifies under oath that there may be a serious neurological injury." In this case, no doctors testified under oath that there may be a serious neurological injury. Plaintiff, therefore, has not established the existence of a question of fact under this statutory provision.

Nevertheless, the record indicates that plaintiff demonstrated the existence of a question of fact regarding the nature and extent of her head injury, and this factual dispute was material to determining whether she suffered from a serious impairment of a body function. Although plaintiff

-3-

did not present medical testimony establishing a closed-head injury diagnosis, she submitted to the trial court documents from various medical providers who diagnosed her with a closed-head injury, concussion, and post-concussion syndrome. Such documentation demonstrated the existence of a genuine issue of material fact regarding whether plaintiff sustained an objectively manifested impairment. See *McCormick*, 487 Mich at 198; MCL 500.3135(2).

The record contains conflicting evidence that also indicates that factual disputes exist regarding the extent of plaintiff's head injury. See *Patrick v Turkelson*, 322 Mich App 595, 605; 913 NW2d 369 (2018). Plaintiff argues that the trial court ignored the opinions of several doctors who diagnosed plaintiff with a closed-head injury. Because one of these reports was not presented to the trial court below, that report cannot be considered on appeal. A party may not expand the record on appeal, and this Court may only consider the record established by the trial court. *Wolfenbarger v Wright*, 336 Mich App 1, 27; 969 NW2d 518 (2021). The other reports, however, sufficed to demonstrate the existence of a factual dispute. One psychologist diagnosed plaintiff with a concussion as a result of the accident and concluded that she suffered from a mild neurocognitive disorder because of her concussion. Another report stated that plaintiff suffered from a concussion as a result of the accident and the doctor diagnosed her with a closed-head injury. Defendant presented medical records and medical evaluations that stated that no evidence supported the claim that plaintiff suffered from a concussion or a traumatic brain injury. The conflicting evidence presented to the trial court demonstrated the existence of at least a question of fact regarding the nature and extent of plaintiff's head injury.

A question of fact, however, did not exist regarding whether the accident at issue aggravated plaintiff's preexisting degenerative spinal condition. Plaintiff failed to present evidence demonstrating aggravation of her preexisting condition. See *Fisher*, 286 Mich App at 63. She merely presented evidence that she suffered from a degenerative spinal condition before and after the accident. That evidence did not demonstrate that the accident made her condition worse or that her condition was in an improved state before the accident.

The factual dispute regarding plaintiff's head injury was material to determining whether her impairment was objectively manifested. This factual dispute was significant because, if plaintiff suffered from a concussion or head injury, she could potentially establish a physical basis for her subjective complaints of pain and suffering and demonstrate that her injury was objectively manifested. *McCormick*, 487 Mich at 194. Therefore, because plaintiff provided evidence of a physical basis for her subjective complaints of pain and suffering, these factual disputes regarding plaintiff's injuries were material to determining whether her injury was objectively manifested. *Id*. at 215-216. As a result, plaintiff established the existence of a genuine issue of material fact regarding the first prong of the *McCormick* analysis that should be determined by the trier of fact.[4]

---

[4] The record reflects that the trial court concluded that defendant essentially conceded that plaintiff's alleged impairments of various body and cognitive functions were important body functions. The trial court, therefore, correctly ruled that plaintiff satisfied the threshold showing as to the second prong of the *McCormick* test.

## B. IMPACT ON PLAINTIFF'S DAILY LIFE

Defendant argues as an alternative ground for affirming the trial court's decision that plaintiff failed to establish the third prong of the *McCormick* test, that her injury impacted her general ability to lead her normal life. We conclude that the trial court correctly determined that plaintiff met this prong of the test.

The third prong of the *McCormick* test requires proof that the impairment "affects the person's general ability to lead his or her normal life (influences some of the plaintiff's capacity to live in his or her normal manner of living)." *McCormick*, 487 Mich at 215. "[T]o 'affect the person's ability to lead his or her normal life' is to have an influence on some of the person's capacity to live in his or her normal manner of living." *Id*. at 202. This requires a subjective, person-specific and fact-specific inquiry, decided on a case-by-case basis, and requires a "comparison of the plaintiff's life before and after the incident." *Id*. Further, "the statute merely requires that a person's general ability to lead his or her normal life has been affected, not destroyed." *Id*. As a result, the statute only requires that some part of a person's ability to live her normal life be affected, not that the person's normal manner of living itself be affected. *Piccione*, 327 Mich App at 21.

The record indicates that plaintiff demonstrated the existence of at least a question of fact regarding whether her injuries impacted her ability to lead her normal life. Testimony from plaintiff's family demonstrated that before her accident, plaintiff performed household chores, cooked, went to her children's sporting events, went on vacation, and spent time with her family. After the November 23, 2015 accident, however, plaintiff did not perform household chores or cook for the family, did not go to her children's sporting events because of the loud noise, experienced changes in her personality, memory loss and speech impediments, did not go on vacations to the same degree as before, and frequently shut herself in her room for days straight because of the level of pain she experienced. This evidence established at least a genuine issue of material fact regarding whether her injuries impacted her ability to lead her normal life. Therefore, because questions of fact exist regarding whether plaintiff suffered a threshold injury, the trial court erred by granting defendant summary disposition.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Noah P. Hood
/s/ Brock A. Swartzle
/s/ James Robert Redford